RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2001 FED App. 0277P (6th Cir.)
File Name: 01a0277p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

CAROL A. WARD, D.C.,
      *Plaintiff-Appellant,*

    *v.*

ALTERNATIVE HEALTH
DELIVERY SYSTEMS, INC.;
PHYSICIANS CONSULTANT &
MANAGEMENT
CORPORATION,
      *Defendants-Appellees.*

No. 99-5860

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 98-00018—Edward H. Johnstone,
Senior District Judge.

Argued: May 3, 2000

Decided and Filed: August 22, 2001

Before: MERRITT, JONES, and CLAY, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Dustin E. Meek, TACHAU, MADDOX, HOVIOUS & DICKENS, Louisville, Kentucky, for Appellant. Marjorie A. Farris, STITES & HARBISON,

1

Louisville, Kentucky, for Appellees. **ON BRIEF:** Dustin E. Meek, R. Gregg Hovious, TACHAU, MADDOX, HOVIOUS & DICKENS, Louisville, Kentucky, for Appellant. Marjorie A. Farris, John A. Bartlett, Joseph L. Hamilton, STITES & HARBISON, Louisville, Kentucky, Alan C. Guild, Jr., HALL, RENDER, KILLIAN, HEATH & LYMAN, Louisville, Kentucky, for Appellees.

————————————

## OPINION

————————————

MERRITT, Circuit Judge.   Plaintiff Dr. Carol Ward, a chiropractor practicing in Kentucky, brings this action against defendants Alternative Health Delivery Systems, an HMO operating in Kentucky, and Physicians Consultant & Management Corp., which manages specialty care for Alternative Health Delivery Systems and other health benefit plans.  Plaintiff was a participant in a network of medical care providers managed by Physicians Consultant & Management Corp. on behalf of Alternative Health Delivery Systems.  She alleges that the defendants failed to inform her of an administrative fee for participating in their network; that defendants unjustifiably lowered the reimbursement rate for chiropractors in their network; and that defendants discriminated against her and other chiropractors in favor of other health care providers.

On September 9, 1997, plaintiff filed a number of state law claims against defendants in state court in Kentucky.  These claims were for breach of contract, violation of a Kentucky statute prohibiting discrimination against chiropractors, unjust enrichment, and breach of covenant of good faith and fair dealing.  Defendants moved to dismiss these claims on the ground that they are preempted by ERISA.  In response, plaintiff amended her complaint to assert a state law claim for antitrust violations; to include alternative ERISA claims seeking benefits under 29 U.S.C. § 1132(a)(1)(b) and alleging

ERISA standing. Therefore, none of her state law claims can independently confer federal subject matter jurisdiction. *See Warner*, 46 F.3d at 534.

## CONCLUSION

For the foregoing reasons, we affirm the district court's order dismissing plaintiff's ERISA claims. We reverse the court's order dismissing plaintiff's state law claims and remand those claims with instructions that the district court in turn remand these claims to the state court.

breach of fiduciary duty under 29 U.S.C. § 1132(a)(2), (3); and to style her complaint as a class action on behalf of other chiropractors. Defendants then removed the case to federal court based on federal question jurisdiction. In federal court, defendants filed another motion to dismiss. After allowing limited discovery, the district court found that plaintiff did not have standing to bring her ERISA claims and dismissed these claims. The court also found that plaintiff's state law claims are preempted by ERISA because the state laws giving rise to these claims "relate to" a benefit plan. *See* 29 U.S.C. § 1144(a).

The district court dismissed plaintiff's ERISA claims for lack of standing because plaintiff was not a participant in an ERISA plan, citing *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 952 (6th Cir. 1990) (affirming dismissal of a plaintiff's ERISA claim for lack of standing pursuant to Rule 12(b)(6)). Standing is thought of as a "jurisdictional" matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction. *See Hermann Hosp. v. MEBA Med. & Benefit Plan*, 845 F.2d 1286, 1288 (9th Cir. 1988) (analyzing ERISA standing as a question of subject matter jurisdiction); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89-102 (1998) (finding that statutory cause-of-action questions are not necessarily jurisdictional in nature but that statutory standing questions -- i.e., whether a particular plaintiff can sue -- are jurisdictional). Because plaintiff's claims failed for lack of such statutory standing, we find that plaintiff's claims were properly dismissed for lack of subject matter jurisdiction.

## ANALYSIS

As a threshold matter, this court considers *sua sponte* whether or not the district court had jurisdiction over plaintiff's state law claims after it determined that plaintiff did not have standing to bring her ERISA claims. We find that the district court did not have jurisdiction over these remaining claims.

An action can be removed to a district court if it is one over which the court has original jurisdiction. *See* 28 U.S.C. § 1441. The district court can then exercise supplemental jurisdiction over all other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). A district court generally has the discretion to retain or remand these claims if it subsequently dismisses the claims within its original jurisdiction. *See* 28 U.S.C. § 1367(c). If it dismisses the claims within its original jurisdiction for lack of subject matter jurisdiction, however, it *must* remand the remaining claims. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996).

Plaintiff's original complaint did not include a federal claim. After the defendants moved to dismiss for failure to state a claim, based primarily on ERISA preemption, plaintiff amended her complaint to add two alternative ERISA claims. The defendants then removed plaintiff's case to federal court. When the defendants filed their notice of removal, plaintiff's complaint did include two federal claims on its face. Thus, the action was properly removed. It was clear at the time, however, that plaintiff's standing to bring these claims was questionable. In fact, the defendants argued in their notice of removal that plaintiff was not an ERISA plan participant or beneficiary.

After limited discovery, the district court found that plaintiff was not an ERISA plan participant or beneficiary and, therefore, that she did not have standing to bring her ERISA claims. We agree that plaintiff does not have standing to bring her ERISA claims because she is not a plan participant or beneficiary. *See Mich. Affiliated Healthcare v. CC Sys. Corp. of Mich.*, 139 F.3d 546 (6th Cir. 1998). The fact that plaintiff may be entitled to payment from defendants as a result of her clients' participation in an employee plan does not make her a beneficiary for the purpose of ERISA standing.

After concluding that plaintiff did not have standing to bring her ERISA claims, the district court determined that it had jurisdiction over plaintiff's remaining state law claims. The district court cited this court's decision in *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991), as authority for its decision to consider these claims. It is true that in *Cromwell* this court affirmed a district court's findings that a plaintiff's state law claims were preempted by ERISA and that the plaintiff did not have ERISA standing. *See Cromwell*, 944 F.2d at 1277-79. In *Cromwell*, however, the district court had decided the preemption issue nearly one year before finding that the plaintiff lacked ERISA standing. *See id.* at 1275. *Cromwell* is a confusing case, and two judges on the *Cromwell* panel specifically stated that the district court should have examined the basis of its jurisdiction before considering preemption issues. *See id.* at 1279 (Suhrheinrich, J., concurring); *id.* at 1279-80 (Jones, J., dissenting).

In this case, once the district court determined that the plaintiff did not have standing to bring her ERISA claims, it should have remanded her remaining claims. Her ERISA claims did provide a basis for the district court's removal jurisdiction, and, upon removal of those claims, the district court properly exercised supplemental jurisdiction over her other state law claims. As noted *supra*, however, plaintiff's ERISA standing is a jurisdictional matter. Once the district court dismissed the only claims within its original jurisdiction for lack of subject matter jurisdiction, it did not have jurisdiction to retain plaintiff's state law claims. We note that the district court could entertain these state claims only by exercising supplemental jurisdiction. Some state law claims can create federal questions, and thereby confer federal jurisdiction, if they are completely preempted by ERISA -- i.e., if the state law claims are the equivalent of an ERISA civil enforcement action under 29 U.S.C. § 1132(a)(1)(B). *See Warner v. Ford Motor Co.*, 46 F.3d 531, 533-35 (6th Cir. 1995). Plaintiff's state law claims do not fall into this category. Her claims are not the equivalent of civil enforcement actions under ERISA because she does not have