COOK, Circuit Judge,
concurring in part and dissenting in part.
Though I agree with much of the lead opinion, I respectfully differ on two points. First, I join Judge Oliver’s concurrence dismissing Moore’s promissory estoppel claim on the grounds employed by the district court. Second, the determination that Moore is not a common-law employee (and thus not a “participant”) leads me to conclude that Moore lacked statutory standing, and accordingly that the district court lacked jurisdiction over the merits of certain of his ERISA claims, including fees and costs.
I. Effect of Concluding that Moore Was not a Common-Law Employee
I agree with the majority’s application of the multi-factor test of employment in Na *450 tionwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992), to conclude that Moore was not a common-law employee. But given this conclusion, I cannot agree that the district court retained jurisdiction over Moore’s ERISA claims.
ERISA empowers a “participant or beneficiary” to bring a civil action “to recover benefits due to him” or “for relief [from an administrator’s refusal to supply requested information],” 29 U.S.C. § 1132(a)(1)(B), and empowers a “participant, beneficiary or fiduciary” to bring a civil action “to obtain other appropriate equitable relief.” 29 U.S.C. § 1132(a)(3). ERISA also provides that “[i]n any action ... by a participant, beneficiary or fiduciary, the court in its discretion may allow a reasonable attorney’s fees and costs of action to either party.” 29 U.S.C. § 1132(g)(1). No party argues that Moore is a “beneficiary” or “fiduciary” so we examine “participant” status.
ERISA defines “participant” to include “any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan,” 29 U.S.C. § 1002(7), and defines “employee” as “any individual employed by an employer.” 29 U.S.C. § 1002(6). To help clarify these definitions, the Supreme Court, in Nationwide, 503 U.S. at 323-24, 112 S.Ct. 1344, adopted the common-law test of employment for determining who qualifies as an “employee” under ERISA. Because Moore is not a common-law employee, he also is not an “employee” for purposes of ERISA and, by definition, not a “participant.”
Statutory standing — the issue of whether a statute “authorizes [a] plaintiff to sue” — is a jurisdictional matter deserving of threshold judicial inquiry. Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 92, 118 S.Ct. 1003, 140 L.Ed.2d 210, 118 S.Ct. 1003 (1998). This court confirmed in Ward v. Alternative Health Delivery Sys., Inc., 261 F.3d 624 (6th Cir.2001), that whether a person is a “participant” or “beneficiary” under ERISA is a matter of statutory standing. The plaintiff in Ward was a member of a network of health care providers who, on the basis of her clients’ participation in an employee plan, brought ERISA claims against the network’s corresponding HMO and specialty care management company. This court agreed with the district court that “[the] plaintiff was not an ERISA plan participant or beneficiary and, therefore, that she did not have standing to bring her ERISA claims.” Id. at 627. In the context of Ward’s pendent state law claims, the court left no doubt as to the consequence of that determination: “[Pjlaintiff s ERISA standing is a jurisdictional matter. Once the district court dismissed the only claims within its original jurisdiction for lack of subject matter jurisdiction, it did not have jurisdiction to retain plaintiffs state law claims.” Id. And likewise, upon this court’s finding that Moore is not a “participant,” this court should hold that the district court lacked jurisdiction to adjudicate his substantive claims.
The majority distinguishes Ward on the ground that the plaintiff there “argued for an extension of existing law,” rather than appealing to “traditional definitions” — a distinction with which I am respectfully unfamiliar — and that therefore the court’s holding constituted “a ruling of law,” rather than a “factual determination.” (Maj. Op. at 442.) Ward’s argument may have been weaker than Moore’s, but the cases differ (if at all) by degree, not by kind, and I cannot see how the statutory language— particularly when combined with the twelve-factor common law test of employment — could resolve a legal question in one context and a “factual” question in a closer case. Both cases required the court *451 to apply parallel statutory language to undisputed facts; and in each case those facts have been found to fall outside of the statutory concept. The consequences of the inquiries should not differ.
The majority worries that holding that the district court lacked jurisdiction because Moore is not a “participant” will produce a “circular” result — presumably because it believes that such a conclusion forecloses jurisdiction over the question whether Moore was a “participant” in the first place. (Maj. Op. at 442.) But this conflates jurisdiction over the merits with “jurisdiction” over questions of jurisdiction. Courts are always free (and in fact are required) to determine their own jurisdiction. And that determination has res judicata effect. See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (“A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations — both subject matter and personal.”) (citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938)). No circularity results because the determination that a court lacks jurisdiction over the merits of a claim does not undermine its authority to make that determination.
I am puzzled by the majority’s later discussion of Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In the cited section of that case, the Court rejected a gloss that the Third Circuit applied to the term “participant.” The Supreme Court held that “partieipant[s]” consisted only of actual “employee[s] or former employeefs] ... who [are] or may become eligible [for benefits],” 29 U.S.C. § 1002(7), and that a plaintiff who merely claims to be a “participant” does not fall within the statute. Id. at 115-18, 109 S.Ct. 948. The Court did suggest that the phrase “may become eligible” extends the term “participant” to employees or former employees who have a “colorable claim” to benefits. But it did not extend the statutory definition of “participant” to persons who have only a color-able claim to being “employees or former employees.”
The discussion is puzzling because Firestone’s parsing of the term “participant” adds nothing to the majority’s analysis, given its previous holding (with which I fully concur) that Moore was not a “participant.” Whether a plaintiff is a “participant” differs from what consequences flow from the determination that he or she is not, and Firestone only implicates the first question. We are still left to determine whether “participant” status implicates statutory standing.
Nationwide, in which “[t]he Supreme Court held that common law agency principles applied to determine whether the plaintiff was an ‘employee’ ” (Maj. Op. at 443), does not suggest otherwise. The majority observes that “[t]he Court did not imply” that whether a plaintiff was a “participant” was a question of statutory standing. Id. But nor did it “imply” the contrary. And the fact that Nationwide was published several years before Ward suggests that Nationwide poses no barrier to the conclusion that being a “participant” implicates statutory standing.
That leaves only Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), which the majority reads as instructing federal courts “to assume jurisdiction when statutory standing and merits questions converge.” (Maj. Op. at 443M4.) But Bell stands for the narrower proposi *452 tion that “the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.” 327 U.S. at 682, 66 S.Ct. 773; see Steel Co., 523 U.S. at 89-90, 118 S.Ct. 1003 (“[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, ie., the courts’ statutory or constitutional power to adjudicate the case.” (emphasis in original)). This is significant because the question implicated by whether Moore is a “participant” is not whether Moore has stated a proper cause of action, but whether he is a proper plaintiff for those claims. Qf. steel Co., 523 U.S. at 92, 118 S.Ct. 1003 (distinguishing questions of who may seek relief under a statute from questions regarding the scope of a statutory cause of action); Primax Recoveries, Inc. v. Gunter, 433 F.3d 515 (6th Cir.2006) (characterizing the dismissal of a claim under 29 U.S.C. § 1132(a)(3) that improperly sought legal relief, rather than equitable relief, as failing to state a claim, rather than failing to support the court’s jurisdiction — -and where there was no dispute over whether the plaintiff was a “participant”). To see that this is so, consider that the district court dismissed Moore’s fiduciary duty claim (Count II) and failure to furnish information claim (Count V) on the merits without relying on its later conclusion that he was not a “participant.” Even under the majority’s reading of Bell, the question of whether Moore was a “participant” could still be jurisdictional because the merits of such claims did not converge with statutory standing.
The same is true of Moore’s claim for benefits, which the district court did resolve on the basis that Moore was not a “participant.” For if the district court had found that Moore was a “participant,” that would not have ended the court’s inquiry. It still would have had to assess whether Moore was an employee and eligible for relief under the plan’s definitions, and while that may have been straightforward in this case, it is not always so. Eligibility for relief is a distinct concept from whether a plaintiff is a “participant,” thus the merits of Moore’s claim for benefits do not converge with the issue of statutory standing. Bell does not require us to view whether Moore was a “participant” as a question on the merits.
Finally, viewing whether Moore was a “participant” as a question of statutory standing promotes the goal of judicial economy. The district court should have addressed the issue first and, upon determining that Moore was not a “participant,” dismissed all of Moore’s ERISA claims— for benefits, breach of fiduciary duty, attorneys’ fees, and failure to supply information — that stemmed from conduct occurring after he signed the CSA.
II. Fees
Just as the district court lacked jurisdiction to consider the merits of Moore’s ERISA claims, so too it lacked jurisdiction to award attorneys’ fees under ERISA. Section 1132(g)(1) only allows a court to award fees and costs in actions “by a participant, beneficiary, or fiduciary.” Because Moore was none of the above, the district court did not have jurisdiction over Moore’s Count IV (seeking such fees), or over the defendants’ motion for fees under ERISA. I would thus vacate the district court’s award of fees against Moore.
Because the district court held Moore’s counsel jointly and severally liable with Moore for the § 1132(g) penalty, a holding that the court was without jurisdiction to award fees under ERISA would seem to remove the only basis for that sanction. However, because the district court suggested an independent basis for Moore’s counsel’s liability, I would remand the question of whether sanctions were appropriate under 28 U.S.C. § 1927 (given the *453 majority’s conclusion that defendants’ Rule 11 motion was untimely). I would also remand the question of whether Moore himself was similarly liable on a nonERISA basis.