**Jeffrey KIRKMAN, Plaintiff,**

v.

**EXPLORICA, INC., Defendant.**

**Civil Action No. 09–10945–JLT.**

United States District Court,
D. Massachusetts.

Oct. 13, 2009.

---

John W. Davis, Davis & Davis, P.C., Boston, MA, for Plaintiff.

Beth A. Norton, James W. Nagle, Goodwin Procter LLP, Boston, MA, for Defendant.

*ORDER*

TAURO, District Judge.

Presently at issue are Plaintiff's *Motion to Remand to State Court* [# 6] and Defendant's *Motion to Dismiss the Third Cause of Action of Plaintiff's Complaint* [# 7]. Because this court lacks subject matter jurisdiction over Plaintiff's claims, Plaintiff's *Motion to Remand to State* Court [# 6] is ALLOWED and Defendant's *Motion to Dismiss the Third Cause of Action of Plaintiff's Complaint* [# 7] is DENIED AS MOOT.

In his complaint, filed April 21, 2009 in Massachusetts Superior Court, Plaintiff alleged three claims arising under state law. Defendant subsequently removed that action to this court, arguing that ERISA completely preempts Plaintiff's third cause of action because it relates to an employee benefit plan.[1]

Because of the Well–Pleaded Complaint Rule, preemption by federal law generally provides a defense to a state law claim, and does not constitute a basis for removal to federal court.[2] In certain areas

---

1. Plaintiff's third cause of action, captioned "Fraud/Deceit/Misrepresentation" alleges in part that "... as a result of the misclassification [as independent contractor rather than employee], he was precluded from enjoying employee benefits, including paid vacation days, loss of overtime opportunity, the ability to participate in benefit programs (i.e. health, dental, and 401k plans), was forced to pay higher taxes and was precluded form making Social Security contributions."

2. *Nahigian v. Leonard,* 233 F.Supp.2d 151, 165 (D.Mass.2002) (citing *Metro. Life Ins. Co.*

of law, however, Congress has demonstrated such a strong intent to preempt that any claims brought, even those purportedly raising only state law claims, are deemed federal in character. They are considered to be completely preempted and may be removed to federal court.[3]

In the context of the Employee Retirement Income Security Action ("ERISA"), state law claims are completely preempted, and thus removable, only when they (1) relate to an employee benefit plan [4] and (2) fall within the scope of 29 U.S.C. § 1132(a) ("section 1132(a)"), ERISA's exclusive civil enforcement provision.[5] If a plaintiff lacks standing to file suit under section 1132(a), his suit does not fall within the scope of section 1132(a). Complete preemption, therefore, would not apply as a mechanism for removal to federal court.[6]

Standing to bring an enforcement action under section 1132(a) is limited to the Secretary of Labor and participants, beneficiaries, and fiduciaries of employee benefit plans.[7] Plaintiff is not the Secretary of Labor and was not a designated beneficiary or fiduciary of the employee benefit plan in issue. Plaintiff, therefore, must meet the statutory definition of a participant at the time the action was brought, and must maintain that status throughout the lawsuit, to have standing to pursue an ERISA claim.[8]

ERISA defines a participant as "any employee or former employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan...."[9] The Supreme Court further elucidated this definition by explaining that former employees may be participants only if they have a reasonable expectation of returning to covered employment or a colorable claim to vested benefits.[10]

In any case, however, a party only qualifies as a participant if he was in fact an employee of the relevant organization, as that term is defined by common law principles of agency.[11] Since neither party to this action disputes that Defendant classified Plaintiff as an independent contractor, who was ineligible for employee benefits, Plaintiff cannot have standing to enforce an ERISA claim under section 1132(a).

Because Plaintiff was not a "participant" in Defendant's employee benefits plan at the time of filing suit, this case does not fall under the scope of section 1132(a) and, therefore, is not completely preempted by ERISA. Accordingly, this court lacks subject matter jurisdiction over the action and removal to this court was improper.

---

*v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).

**3.** *Id.* (citing *Metro. Life Ins. Co.*, 481 U.S. at 63–64, 107 S.Ct. 1542).

**4.** 29 U.S.C. § 1144.

**5.** *Nahigian*, 233 F.Supp.2d at 165 (citing *Metro. Life Ins. Co.*, 481 U.S. at 64, 107 S.Ct. 1542).

**6.** *Id.* at 170 (citing *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1240 (11th Cir.2001); *Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624, 627 (6th Cir.2001); *Harris*

*v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 934 (9th Cir.1994)).

**7.** 29 U.S.C. 1132(a).

**8.** *See Crawford v. Lamantia*, 34 F.3d 28, 32 (1st Cir.1994).

**9.** 29 U.S.C. § 1002(7).

**10.** *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

**11.** *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992).

For the foregoing reasons, this action is REMANDED to the Massachusetts Superior Court sitting in the County of Suffolk. Plaintiff's *Motion to Remand to State Court* [# 6] is ALLOWED and Defendant's *Motion to Dismiss the Third Cause of Action of Plaintiff's Complaint* [# 7] is DENIED AS MOOT.

IT IS SO ORDERED.