NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0587n.06

Case No. 14-3437

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 17, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHILDREN'S HOSPITAL MEDICAL CENTER OF AKRON, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| v. | ) ) | THE NORTHERN DISTRICT OF OHIO |
| YOUNGSTOWN ASSOCIATES IN RADIOLOGY, INC. WELFARE PLAN; YOUNGSTOWNASSOCIATES IN RADIOLOGY INC.; PROFESSIONAL RISK MANAGEMENT, | ) ) ) ) | |
| Defendants-Appellees. | | |

_____/

**Before: KEITH, MERRITT, and BOGGS, Circuit Judges.**

**MERRITT, Circuit Judge.** In this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*., the district court decided the case on the merits in favor of the defendants, Youngstown Associates in Radiology, Inc., the employer, and its ERISA Plan, and Professional Risk Management, its claims administrator, and against the plaintiff, Children's Hospital Medical Center of Akron, a health care provider. The case can be found at 2014 WL 1333186, No. 4:11-cv-00506 (N.D. Ohio Mar. 31, 2014). On the merits, the court held that the plaintiff hospital, which had received an assignment of benefits from an

insured employee under the Plan, was not entitled to receive some $230,000 that had been claimed by the employer for treatment, including a "clinical" or experimental drug program administered to the minor child of the employee.

In this appeal we do not now decide the merits issue presented in the briefs because there is an undecided preliminary issue that the court below and the parties refer to as a "standing" issue — a federal jurisdiction issue that the Supreme Court in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), has directed the lower courts to decide before the merits issues are decided. Defendants contend that the assignment received by plaintiff is not valid due to an anti-assignment provision in the Plan and therefore plaintiff cannot bring a claim under ERISA. The district court in this case made an erroneous choice to decide the merits issue before the standing issue as follows:

> The parties dispute whether Plaintiff has standing to bring this action. The Court need not resolve that issue, however, because it finds that even if Plaintiff properly maintains its claims, the claims fail on the merits.

2014 WL 1333186, at *3.

In the *Steel Co.* case, five members of the Supreme Court held that "standing questions," as distinguished from questions on the "merits," must be decided at the outset of the case. That order of decision is now mandatory and must be enforced by the lower courts. The Supreme Court's reasoning is based on the theory that such standing questions go to the constitutional power of a federal court under the "case or controversy" provisions of Article III. If a federal court does not have such jurisdiction, according to the doctrine adopted in the *Steel Co.* case, it may not decide the merits, and hence it must decide such standing questions first. This order-of-decision doctrine is now well established. *See, e.g., Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits.");

*Ward v. Alt. Heart Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001) ("Standing [in an ERISA case] is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive the court of jurisdiction.").

The mandatory nature of the *Steel Co.* majority's order-of-decision holding is clear from its rejection of Justice Breyer's concurring opinion and his view that "[t]he Constitution does not impose a rigid judicial 'order of operations,' when doing so would cause serious practical problems." 523 U.S. at 111. The fact that it seems to make "practical" sense to decide the merits first in this case seems irrelevant in light of the more formalistic language of the majority opinion turning a somewhat discretionary standard into a mandatory rule.

Accordingly, the judgment of the district court is vacated and the case remanded to decide the standing issue first for the reasons stated in this opinion.