LOUIS A. KISSLING, CLARKSON E. LORD and CLARENCE O. PETERSON, as Trustees of the Community Recovery Fund under and by Virtue of a Certain Trust Indenture Dated July 3, 1934, Respondents, Appellants, v. DAVID SKOLKIN and Others, Defendants; MILTON H. HALL, Respondent; THE WILLSON & ADAMS COMPANY and THE MOUNT VERNON TRUST COMPANY, Appellants, Respondents.—(Appeals

Nos. 1, 2 and 3.) — (Appeal No. 1.)  In an action brought to foreclose a mortgage and for a deficiency judgment against guarantors of the mortgage debt under a collateral bond, plaintiffs appeal from so much of an order dated October 20, 1938, as denied their motion to strike out, as insufficient in law, the first and second complete defenses in the answer of defendant Willson & Adams Company; and said defendant appeals from so much of said order as granted plaintiffs' motion to strike out, as insufficient in law, the third and fourth complete defenses in the answer of said defendant.  Order modified by granting the motion as to the second complete defense and denying the motion as to the fourth complete defense, and as so modified, the order is affirmed, without costs.  The first complete defense raises an issue of fact as to the authority of the answering defendant to enter into the guaranty agreement.  Striking out one defense because of admissions made in another would violate the rule that inconsistent defenses may be pleaded. (*Falk* v. *MacMasters*, 197 App. Div. 357.)  The second complete defense is insufficient in law and should have been struck out.  The mortgagee did not convert the bond and mortgage by pledging them with the trust company as security for her mother's note for a larger amount.  This case differs from *Wood* v. *Fisk* (215 N. Y. 233) and kindred cases, in which the property pledged and repledged consisted of shares of stock.  In such case title to the pledged property remains in the pledgor (*Markham* v. *Jaudon*, 41 N. Y. 235), and the pledgee by repledging the shares with another as security for a larger debt deprives the owner of all dominion over his property, prevents redemption by payment of the original debt, and, therefore, commits a conversion.  It is otherwise where a mortgagee pledges a bond and mortgage.  The mortgage is solely the property of the mortgagee, and by pledging it with another the mortgagee disposes of nothing owned by the mortgagor or his surety.  The mortgagor at all times prior to foreclosure retains title to the realty, which does not pass out of his hands either through the mortgage itself or through the pledge.  It should be noted, also, that neither the mortgagor nor his surety is damaged by the pledge since the assignment of the mortgage cannot deprive them of the right to satisfy the mortgage upon its maturity.  The assignee acquires no greater rights under the mortgage than his assignor.  (*Fitch* v. *McDowell*, 80 Hun, 207; affd., 145 N. Y. 498.)  The third defense was properly struck out.  The trust company and the answering defendant were not co-obligors as to the mortgagee (*Crowley* v. *Lewis*, 239 N. Y. 264); nor were they co-obligors as to each other, since the answering defendant is barred by considerations of public policy from enforcing any liability against the trust company.  (*Mount Vernon Trust Co.* v. *Bergoff*, 272 N. Y. 192; *Rothschild* v. *Manufacturers Trust Co.*, 279 id. 355.)  The fourth defense was improperly struck out.  Where a contract is procured through the fraud of one who is not a party thereto, but who later obtains the same by assignment, such fraud is a valid defense to an action brought by the guilty third party or his assignee with notice.  (Restatement of the Law of Contracts, § 478; *Williamson* v. *Mason*, 12 Hun, 97.)  (Appeal No. 2.)  Order granting motion of defendant trust company to strike out the cross-complaint alleged in the answer of defendant Willson & Adams Company affirmed, with ten dollars costs and disbursements, payable to respondent trust company.  The alleged liability of the trust company, if any exists, is unenforceable on grounds of public policy.  (*Mount Vernon Trust Co.* v. *Bergoff*, 272 N. Y. 192; *Rothschild* v. *Manufacturers Trust Co.*, 279 id. 355.)  (Appeal No. 3.)  Order

denying motion of defendant trust company to strike out the cross-complaint alleged in the answer of defendant Hall reversed on the law, with ten dollars costs and disbursements, payable to appellant trust company, and motion granted, with ten dollars costs. The cross-complaint is insufficient for the reason stated in connection with Appeal No. 2, decided herewith. It appears on the face of the pleading that Hall acted in concert with the trust company in concealing its liability. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.