[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2001
THOMAS K. KAHN
CLERK

_____

No. 01-10019

_____

D. C. Docket No. 99-01161-CV-S-N

NORMAN HOBBS, individually,
and on behalf of a class of similarly
situated persons, SAMUEL IRVINE,
individually, and on behalf of a class
of similarly situated persons,

Plaintiffs-Appellants,

versus

BLUE CROSS BLUE SHIELD OF
ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
for the Middle District of Alabama

_____

**(December 21, 2001)**

AMENDED OPINION

Before BIRCH, COX and ALARCÓN*, Circuit Judges.

ALARCÓN, Circuit Judge:

Norman Hobbs and Samuel Irvine appeal from the denial of their motion to remand this action to state court. They contend that the district court erred in recharacterizing their state insurance law claim against Blue Cross and Blue Shield of Alabama ("Blue Cross') as "arising under" the Employee Retirement Income Security Act of 1974 ("ERISA")[1] because they lack standing under ERISA to bring an action for the payment of their services as physician assistants.

Hobbs and Irvine also argue that the district court erred in dismissing this action on the merits, and in denying their motion to require Blue Cross to pay costs and attorney's fees[2] incurred as the result of the erroneous removal of this action from state court. We reverse the order denying the motion to remand and the dismissal of this action on the merits because we conclude that the district court

---

*     Honorable Arthur L. Alarcón, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

[1]     Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

[2]     There is no consistency among federal statutes, rules, and cases with respect to using the term "attorney fees," "attorneys fees," "attorney's fees," or "attorneys' fees." The removal statute at issue in this case, 28 U.S.C. § 1447(c), uses the term "attorney fees." We note, however, that the Supreme Court Style Manual prefers the use of the phrase "attorney's fees" in all opinions. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 253 n.1 (6th Cir. 1997). Therefore, we choose to use the term "attorney's fees" in this opinion except when quoting other authorities.

erred in determining that this action was properly removed from state court as a recharacterized claim under ERISA. We also vacate the order denying costs and attorney's fees with instructions.

## I

Hobbs and Irvine are licensed physician assistants pursuant to Alabama law. On August 26, 1999, they filed an action in the Circuit Court of Alabama seeking compensatory and punitive damages as well as injunctive relief against Blue Cross for its failure to comply with Alabama Code § 27-51-1. They filed the complaint individually and as representatives of a class of similarly situated Alabama physicians and physician assistants.

Hobbs and Irvine alleged that Blue Cross refused to include a provision in its health insurance policies for the payment of medical or surgical services provided by licensed physician assistants in violation of Ala. Code § 27-51-1(a). That statute provides in pertinent part:

> An insurance policy or contract providing for third-party payment or prepayment of health or medical expenses shall include a provision for the payment to a supervising physician for necessary medical or surgical services that are provided by a licensed physician assistant practicing under the supervision of the physician, and pursuant to the rules, regulations, and parameters for physician assistants, if the policy or contract pays for the same care

3

and treatment provided by a licensed physician or doctor
of osteopathy.

Ala. Code § 27-51-1(a).

Hobbs and Irvine are citizens of Alabama. Blue Cross is a not-for-profit corporation having its principal place of business in Birmingham, Alabama. Thus, Hobbs and Irvine's state law claim is not removable under the district court's diversity jurisdiction. *See* 28 U.S.C. § 1332.

Blue Cross filed a notice of removal in the United States District Court for the Middle District of Alabama in which it alleged that the court had federal question jurisdiction because the state law claim set forth in the complaint was completely preempted under ERISA. Hobbs and Irvine filed a motion for remand. They argued that their state law claim is not preempted pursuant to 29 U.S.C. § 1144(a) because that statute limits its scope to "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," and is not applicable to state laws that apply to all insurance policies and contracts, irrespective of the existence of an ERISA plan. Hobbs and Irvine also contended that Ala. Code § 27-51-1 comes within the saving clause contained in 29 U.S.C. § 1144(b)(2)(A) which exempts from preemption "any law of any State which regulates insurance." Hobbs and Irvine did not assert before the district court that it lacked subject matter jurisdiction to consider this matter as involving a

4

recharacterized ERISA claim because Blue Cross had failed to demonstrate that Hobbs and Irvine had standing to sue under an ERISA plan.[3]

The district court denied the motion to remand without discussing whether the state law claim filed by Hobbs and Irvine pursuant to Ala. Code § 27-51-1 could be recharacterized as an artfully pleaded ERISA claim if they did not have standing to prosecute a cause of action under ERISA. *See Hobbs v. Blue Cross & Blue Shield of Ala.*, 100 F. Supp. 2d 1299, 1302-09 (M.D. Ala. 2000). The district court dismissed the action on the merits on the basis that "the plaintiffs' claims [as] stated in the complaint are not cognizable under ERISA."

## II

Hobbs and Irvine argue for the first time in this appeal that their state law claims are not completely preempted because they lack standing to bring an ERISA claim as they are not participants or beneficiaries of an employee health benefit plan. Because federal courts are courts of limited jurisdiction, we must determine in each appeal whether subject matter jurisdiction exists over a pending action whether or not this issue was raised before. *See Univ. of S. Ala. v. Am. Tobacco*

---

[3] After Hobbs and Irvine filed their motion to remand their state law claim to state court, all parties consented to jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1).

*Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Under the doctrine of complete preemption, a plaintiff must have standing to sue under a relevant ERISA plan before a state law claim can be recharacterized as arising under federal law, subject to federal court jurisdiction. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211-12 (11th Cir. 1999).

The only parties that have standing to sue under ERISA are those listed in the civil enforcement provision of ERISA, codified at 29 U.S.C. § 1132(a). *See Cagle v. Bruner*, 112 F.3d 1510, 1514 (11th Cir. 1997) (per curiam). The civil enforcement provision provides, in relevant portion:

> (a)    Persons empowered to bring a civil action
> A civil action may be brought–
> (1)    by a participant or beneficiary–
>     (A)    for the relief provided for in subsection (c) of this section, or
>     (B)    to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . . .

29 U.S.C. § 1132(a). Thus, "ERISA's civil enforcement section permits two categories of individuals to sue for benefits under an ERISA plan–plan beneficiaries and plan participants." *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir. 1998).

6

Under ERISA, a "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8); *Engelhardt*, 139 F.3d at 1351.

Healthcare providers such as physician assistants generally are not considered "beneficiaries" or "participants" under ERISA. *Cf. Cagle*, 112 F.3d at 1514 (stating that healthcare providers lack independent standing under ERISA). Blue Cross contends that Hobbs and Irvine have standing under ERISA because they "are seeking benefits as purported assignees of their patients' benefits under ERISA-governed Blue Cross plans." Blue Cross maintains that pursuant to this court's decision in *Cagle v. Bruner*, 112 F.3d 1510 (11th Cir. 1997), Hobbs and Irvine have derivative standing to sue on behalf of their patients. In *Cagle*, this court held that a healthcare provider had derivative standing to bring an action against an ERISA plan insurance fund where the record showed that the minor patient's father signed a form assigning his right to payment of medical benefits to

7

the healthcare provider. 112 F.3d at 1512-16. This court explained that "if provider-assignees can sue for payment of benefits, an assignment will transfer the burden of bringing suit from plan participants and beneficiaries to 'providers[, who] are better situated and financed to pursue an action for benefits owed for their services.'" *Id.* at 1515 (alteration in original) (internal citation omitted).

More recently, this court held that "neither 1132(a) nor any other ERISA provision prevents derivative standing based upon an assignment of rights from an entity listed in that subsection." *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001) (quoting *Cagle*, 112 F.3d at 1515). In *HCA Health Services*, "the patient assigned to the medical center his right to recover 80% of the costs of the surgery from the insurance company." *Id.* at 985.

Thus, while this court has allowed healthcare providers to use derivative standing to sue under ERISA, it has only done so when the healthcare provider had obtained a written assignment of claims from a patient who had standing to sue under ERISA as a "beneficiary" or "participant." *See Cagle*, 112 F.3d at 1512-13 (patient's father signed form assigning to hospital right to payment of dependent son's medical benefits under ERISA-governed health plan); *see also HCA Health Servs.*, 240 F.3d at 986, 989 (medical center obtained written assignment to receive

8

payment from participant's ERISA-governed insurance benefits).  Here, Blue Cross failed to demonstrate, in response to the motion to remand, that Hobbs and Irvine obtained an assignment of benefits from their patients.  Indeed, Blue Cross admitted at oral argument that it does not know whether Hobbs and Irvine received an assignment from an ERISA beneficiary or participant.  Because Blue Cross failed to present proof of an assignment, its reliance on *Cagle* and *HCA Health Services* is misplaced.

As the party seeking removal, Blue Cross had the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence.  *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).  Without proof of an assignment, the derivative standing doctrine does not apply.

Blue Cross argues that the district court had subject matter jurisdiction in this matter because Hobbs and Irvine "plausibly" possess derivative standing to bring an action under ERISA as assignees of their patients.  Blue Cross relies on this court's decision in *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347 (11th Cir. 1998).  The *Sanders* decision is readily distinguishable and inapposite.

In *Sanders*, participants in an employee health benefits plan filed an action in state court to recover damages resulting from personal injuries suffered by Mrs. Sanders in an automobile accident. The Sanderses did not include a claim for medical expenses. They received a default judgment of $200,000. Blue Cross, as the claims administrator of the plan, requested that the Sanderses reimburse the fund in the amount of $12,678.89. The Sanderses refused. *Id.* at 1350.

Blue Cross filed an action in federal court on behalf of the health benefits plan seeking a declaration that the health benefits plan was entitled to reimbursement of the $12,678.89. *Id.* In their answer to the complaint, the Sanderses admitted that Blue Cross was a fiduciary seeking equitable relief under 29 U.S.C. § 1132(a)(3). *Id.*

The district court granted summary judgment to Blue Cross. *Id.* at 1351. On appeal, the Sanderses asserted for the first time that the district court did not have subject matter jurisdiction because Blue Cross was not a fiduciary under 29 U.S.C. § 1132(a)(3) and the relief sought in the complaint was not equitable. *Id.*

This court rejected the Sanderses' jurisdictional challenge to the district court's judgment. *Id.* at 1353. Relying on the Supreme Court's decision in *Bell v. Hood*, 327 U.S. 678 (1946), and its progeny, this court concluded that a federal court has subject matter jurisdiction if the claims are "neither 'immaterial

10

and made solely for the purpose of obtaining jurisdiction' nor 'wholly insubstantial and frivolous.'" *Id.* at 1352-53 (quoting *Bell*, 327 U.S. at 682-83). This court concluded that Blue Cross satisfied its burden of showing that Blue Cross was likely a fiduciary under 29 U.S.C. § 1132(a)(3) because the health benefit plan provided that "Blue Cross has full authority to determine payment eligibility for submitted claims and to review denied claims." *Id.* at 1352 n.4. This court also noted that "the Sanderses waived the *particular* failure to state a claim defense that is implicit in their subject matter jurisdiction argument–namely, the defense that Blue Cross is not a 'fiduciary,' *see* 29 U.S.C. § 1132(a)(3), seeking 'equitable relief,' *see* 29 U.S.C. § 1132(a)(3)(B)." *Id.* at 1354.

Here, unlike the circumstances in *Sanders*, Hobbs and Irvine did not concede that they had derivative standing as assignees of their patients. In their motion to remand, Hobbs and Irvine contended that "Blue Cross' failure to provide any factual or legal support for its 'pre-emption' theories renders the Notice of Removal fatally defective and requires remand." They did not expressly argue, however, that the district court lacked subject matter jurisdiction because Blue Cross failed to meet its burden of demonstrating that Hobbs and Irvine lacked standing to file an action under ERISA.

11

In *Sanders*, Blue Cross filed its ERISA claim in federal court. This court determined that Blue Cross had met its burden of demonstrating that it plausibly is a fiduciary by pointing to the Sanderses' admission in its answer and by reference to the terms of the health benefits plan. In the instant matter, Blue Cross removed the matter to federal court. It failed to set forth facts in the notice of removal demonstrating that Hobbs and Irvine had received assignments of their patients' claims under an employee benefit plan. It also failed to present any evidence, or cite to the record, to support its argument that Hobbs and Irvine had received assignments from their patients.

Blue Cross has failed to meet its burden of demonstrating that ERISA completely preempts Hobbs and Irvine's state law claims. Accordingly, the district court lacked subject matter jurisdiction over this action. It erred in denying the motion to remand.

Because the district court did not have subject matter jurisdiction over Hobbs and Irvine's state law claims, the district court also erred in dismissing this action on the merits. Thus, we also lack the power to determine whether Hobbs and Irvine's state law claims "relate to" an ERISA plan or come within ERISA's saving clause.

III

12

Finally, Hobbs and Irvine also seek reversal of the order denying their motion to award them costs and attorney's fees. An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). We review the district court's denial of Hobbs and Irvine's motion to tax costs and attorney's fees for abuse of discretion. *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990).

The district court did not set forth the basis for its denial of the motion to tax costs and attorney's fees. Thus, we cannot tell from the record whether it was premised upon its erroneous determination that removal was proper because Hobbs and Irvine's state law claims were completely preempted. Under these circumstances, we deem it appropriate to vacate the order denying the motion to tax costs and attorney's fees with instructions that the district court reconsider the question whether the motion should be granted in light of the fact that this matter must be remanded to state court because the district court lacked federal question subject matter jurisdiction.

## Conclusion

Hobbs and Irvine do not have standing to present an ERISA claim because they are not participants or beneficiaries in an employee health care plan. Blue

13

Cross failed to demonstrate that Hobbs and Irvine had standing based on an assignment of their patients' claims and benefits. Thus, this matter was improperly removed to federal court because it did not have subject matter jurisdiction. The order denying the motion to remand and the dismissal of this action are REVERSED. Because the district court lacked subject matter jurisdiction, the order dismissing this action on the merits is REVERSED. The district court is requested to enter an order remanding this action to state court.

Because we cannot discern from this record whether the district court properly exercised its discretion in denying the motion to tax costs and attorney's fees, we VACATE the order denying that motion and REMAND with instructions to reconsider the motion to tax costs and attorney's fees and set forth the basis for its disposition of this motion in its order.

REVERSED in part with instructions to remand to state court, VACATED in part with instructions to reconsider the motion to tax costs and attorney's fees.