BERZON, Circuit Judge,
concurring in part and concurring in the result:
I concur in Parts I and III of the majority opinion, except for footnote 6, and I concur in the result reached by the majority in Part II.
I agree that there was removal jurisdiction in the present case. I write separately because my reason for so concluding differs from that of the majority.
Gonzales v. Parks held that all actions, such as the present one, that collaterally attack bankruptcy petitions are within the exclusive jurisdiction of the federal courts under 28 U.S.C. § 1334(a). See 830 F.2d 1033, 1035 & n. 6 (9th Cir.1987) (stating that “[failings of bankruptcy petitions are a matter of exclusive federal jurisdiction” and that “[s]tate courts are not authorized to determine whether a person’s claim for relief under a federal law, in a federal court, and within that court’s exclusive jurisdiction, is an appropriate one” because “[sjuch an exercise of authority would be inconsistent with and subvert the exclusive jurisdiction of the federal courts”); id. at 1036 (“A Congressional grant of exclusive jurisdiction to the federal courts includes the implied power to protect that grant.”); *1095 id- (stating that “[a] state court judgment entered in a case that falls within the federal courts’ exclusive jurisdiction is subject to collateral attack in the federal courts” and concluding that therefore “the bankruptcy court was correct in vacating the state court judgment”). It follows that there is original federal jurisdiction over the present case under § 1334(a) and removal jurisdiction under § 1441.[1]
I agree with the majority that the state law claims in the present case are 'preempted because state law cannot add to the remedial scheme Congress created under the Bankruptcy Code. This result follows directly from our opinions in Gonzales and MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910 (9th Cir. 1996). It is not clear to me, however, that the state law claims are completely preempted in the sense discussed in Beneficial National Bank v. Anderson, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), and its predecessor cases.
Unlike the majority, I do not read Beneficial National Bank to have changed the law regarding whether standing to bring a federal claim is necessary to find complete preemption. Instead, I believe that the cases decided in the ERISA context holding the contrary are still good law. See, e.g., Curtis v. Nev. Bonding Corp., 53 F.3d 1023, 1027 (9th Cir.1995) (holding that “plaintiffs standing to enforce ERISA is a pre-requisite to ... subject matter jurisdiction”); Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 934(9th Cir. 1994) (holding that because the plaintiffs are not in one of the enumerated categories of parties entitled to seek relief under ERISA’s civil enforcement provisions, their state claims are not completely preempted by ERISA); see also Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1240(llth Cir.2001) (“Under the doctrine of complete preemption, a plaintiff must have standing to sue under a relevant ERISA plan before a state law claim can be recharacterized as arising under federal law, subject to federal court jurisdiction.”).[2]
Indeed, the majority’s broad reading of Beneficial National Bank would to a degree swallow the well-pleaded complaint rule, by permitting removal to federal court in any circumstance in which federal law provides someone a cause of action and also precludes state law causes of action. Yet, state courts are for the most part thought competent to deal with such circumstances, by applying the Supremacy Clause when a preemption defense is raised to a state law cause of action. Only where federal law provides a particular class of plaintiffs with a federal cause of action is the case “completely preempted” in the special sense discussed in Avco Corp. v. Machinists, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), and its progeny. Put another way, just because a state law cause of action is entirely preempted by a federal statute, providing an iron-clad *1096 defense in state court, does not mean that it is “completely preempted” in the choice-of-law sense that governs removal jurisdiction. Odd use of language, perhaps, but one that has remained consistent for many years and was not changed by Beneficial National Bank.
In short, there is removal jurisdiction under the exclusive jurisdiction rationale described above. I see no reason to expand the troublesome and confusing doctrine of complete preemption, see Beneficial Nat’l Bank, 539 U.S. at 11-22, 123 S.Ct. 2058 (Scalia, J., dissenting), as there is another, simpler ground for reaching the same result. I therefore would not reach the question of whether there is complete preemption in this case.

. Things Remembered, Inc. v. Petrarca held that both §§ 1441 and 1452 govern removal in bankruptcy cases! See 516 U.S: 124, 129, 116 S.Ct. 494, -133 L.Ed.2d 461 (1995) ("There is no express indication in §, 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy.”). Thus, the fact thdt the state court lacked jurisdiction does not defeat removal jurisdiction. See 28 U.S.C. § 1441(f)(''The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which súch civil action is removed did not have jurisdiction over that claim.”).

. Peralta v. Hispanic Business, Inc., 419 F.3d 1064 (9th Cir.2005), is not, to the contrary, as it addressed neither Beneficial National Bank nor the standing rationale articulated in the ERISA complete preemption cases.