10-3737-cv
Guerero v. FJC Security Services Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.**

PRESENT:
>ROSEMARY S. POOLER,
>BARRINGTON D. PARKER,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

Donnell Guerrero,

>*Plaintiff-Appellant*,

>v.                                                                      10-3737-cv

FJC Security Services Inc., New York City Human
Resources Administration, Local 32BJ, SEIU,
Allied International Union, Sentinel Health Fund,

>*Defendants-Appellees*.

_____

>Donnell Guerrero, *pro se*, Bronx, N.Y.

>Scott A. Weiss, Weiss & Weiss LLC, White Plains, NY (Clifford J. Ingber, Ingber Law Firm, PLLC, White Plains, NY, *on the brief*), *for Defendants-Appellees FJC Security Services Inc. and Sentinel Health Fund.*

Deborah A. Brenner, Senior Counsel, New York City Law Department, New York, NY, *for Defendant-Appellee New York City Human Resources Administration,*

Judith I. Padow, Deputy General Counsel, SEIU Local 32BJ, New York, NY, *for Defendant-Appellee Local 32BJ, SEIU*,

Sumanth Bollepalli, Weissman & Mintz LLC, New York, NY, *for Defendant-Appellee Allied International Union.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*; Ellis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Donnell Guerrero, proceeding *pro se*, appeals the district court's judgment, in which it adopted the magistrate judge's report and recommendations, granted the motions to dismiss filed by three of the defendants — Allied International Union ("AIU"), Local 32BJ of the Service Employees International Union ("Local 32BJ"), and the New York City Human Resources Administration ("HRA") — and dismissed his amended complaint with prejudice with respect to all defendants. In his amended complaint, Guerrero had asserted claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") against all five defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

First, to the extent that Guerrero's amended complaint could be construed as asserting claims against AIU and Local 32BJ for a breach of the duty of fair representation, the magistrate judge correctly concluded that Guerrero failed to state a cognizable claim. To establish that a union has breached its duty of fair representation, a union member must show: (1) that the union's "actions or inactions are either arbitrary, discriminatory, or in bad faith"; and (2) "a causal connection between the union's wrongful conduct and their injuries." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (internal quotation marks omitted). A union's actions are "arbitrary only if . . . the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Airline Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal citation and quotation marks omitted). Here, Guerrero's allegations did not suggest that he had a plausible fair representation claim against AIU or Local 32BJ. Guerrero's allegation that the defendants denied him health insurance coverage was vague and conclusory. Even assuming that Guerrero sufficiently identified particular inactions on the part of AIU or Local 32BJ, his allegations did not suggest that those inactions were "so far outside a wide range of reasonableness as to be irrational." *Id.* Guerrero's allegation that AIU failed to send him a copy of a new health insurance plan suggested that AIU was at most negligent in performing an action

3

tangentially related to its duties of representing union members, but "'even negligence on the union's part does not give rise to a breach.'" *Vaughn*, 604 F.3d at 709 (quoting *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989)). Because Guerrero's failure to state cognizable fair representation claims was an adequate basis for dismissing these claims, we do not reach the issue of whether the magistrate judge correctly concluded that the claims were also time-barred.

Second, the district court did not err in dismissing Guerrero's action with respect to all of the defendants, including the two defendants that did not move to dismiss, FJC Security Services Inc. ("FJC") and Sentinel Health Fund ("Sentinel"). "ERISA section 502(a)(1)(B) . . . permits a participant or beneficiary of an ERISA-covered benefits plan to bring a civil action 'to recover benefits due to him under the terms of his plan.'" *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 622 (2d Cir. 2008) (quoting 29 U.S.C. § 1132(a)(1)(B)). "A claim for recovery of benefits under ERISA § 501(a)(1)(B) can be brought only against a covered plan, its administrators, or its trustees." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 108 n.2 (2d Cir. 2008). To prevail under § 502(a)(1)(B), a plaintiff must show that: (1) the plan is covered by ERISA; (2) the plaintiff is a participant or beneficiary of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the plan. *See Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009).

ERISA section 502(a)(3) authorizes, in relevant part, plan beneficiaries to bring a civil action: "(A) to enjoin any act . . . which violates any provision of this subchapter, or (b) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). This Court has explained that

4

"when an ERISA fiduciary deals unfairly with a plan's beneficiaries, a claim for breach of fiduciary duty may lie under ERISA § 502(a)(3)." *Krauss*, 517 F.3d at 630.

Here, Guerrero's amended complaint was unclear as to whether he was seeking a recovery of benefits due or enforcement of the terms of a covered plan. In either case, Guerrero failed to plausibly suggest a basis for relief. To the extent that Guerrero may have sought to enforce the terms of a covered plan under § 502(a)(3), he did not identify anything in the plans as that entitled him to a particular benefit he sought to enforce, and his allegations were so vague that it is impossible to infer which terms, or even which plan, he might be seeking to enforce. Moreover, any enforcement claim also failed because Guerrero sought only money damages — relief that was not cognizable under § 502(a)(3). *See Krauss*, 517 F.3d at 630. "Claims for money damages are . . . not cognizable under section 502(a)(3)." *Id.*

Similarly, to the extent that Guerrero sought to recover benefits owed to him under a plan pursuant to § 502(a)(1)(B), his allegations were so vague that he did not suggest any basis for relief. Guerrero alleged that he had been "denied services in medical clinics," but his amended complaint was devoid of factual allegations suggesting any instance in which a defendant failed to provide him with a benefit he was due. Thus, Guerrero's allegations failed to suggest a plausible basis for relief under § 502(a)(1)(B).

In opposing dismissal, Guerrero stated that he "went to the doctor" in July 2008 and "[his] bill was not paid for," and he submitted, without explanation, a debt collection notice that appears to be medically related. However, even if Guerrero had incorporated these items into a new amended complaint, he still would not state a facially plausible claim for relief under § 502(a)(1)(B). Guerrero provided no factual basis to suggest that FJC, HRA, AIU, or Local

5

32BJ are covered plans or administrators or trustees of a covered plan — the only types of defendants that could be liable under § 502(a)(1)(B). *See Paneccasio*, 532 F.3d at 108 n.2. Even assuming that Sentinel was a covered plan, Guerrero's allegations fail to suggest that Sentinel is liable under § 502(a)(1)(B). Guerrero did not allege facts from which one can infer that Sentinel made any decision -- a denial or otherwise --  related to a claim for benefits owed to him as a result of the July 2008 doctor's visit. Additionally, Guerrero's failure to provide any context for the debt collection notice makes it irrelevant to his claim, because the notice itself does not provide any information about underlying services rendered or benefits-related decisions.

We have considered all of Appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6