*Henry L. Rojas, M.D., et al. v. Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————

August Term, 2014

(Argued: June 1, 2015     Decided: July 15, 2015)

Docket No. 14-3455

———————

HENRY L. ROJAS, M.D., MITCHELL K. ROSEN, M.D., H & L ROJAS, M.D., P.C., DBA ROJAS AND ROSEN M.D.,

*Plaintiffs-Counter-Defendants-Appellants,*

–v.–

CIGNA HEALTH AND LIFE INSURANCE COMPANY, CONNECTICUT GENERAL LIFE INSURANCE COMPANY,

*Defendants-Counter-Claimants-Appellees.**

———————

Before:

WESLEY AND LOHIER, *Circuit Judges.*†

---

* The Clerk of the Court is directed to amend the caption of this case as set forth above.

† The Honorable Peter W. Hall, Judge of the United States Court of Appeals for the Second Circuit, originally a member of the panel, recused himself after oral argument. The appeal is being disposed of by the remaining members of the panel, who are in agreement. *See* Second Circuit Local Rule § 0.14(b); *Murray v. Nat'l Broad. Co.*, 35 F.3d 45, 47, 48 (2d Cir. 1994).

———————

Appeal from the United States District Court for the Southern District of New York (Karas, J.). Plaintiffs, two physicians and the practice they co-own, brought an action under Section 502 of the Employee Retirement Income Security Act of 1974 to enjoin Defendant health insurance company from removing Plaintiffs from its coverage network. After Plaintiffs moved for a preliminary injunction and a temporary restraining order, the district court dismissed the case for lack of standing. The district court determined that healthcare providers are not beneficiaries of coverage plans in this context notwithstanding a right to reimbursement for their services. For the reasons that follow, we AFFIRM the district court's judgment.

RICHARD J. QUADRINO (Eugene S. R. Pagano, Harold J. Levy, *on the brief*), Quadrino Law Group, P.C., Melville, NY, *for Plaintiffs-Counter-Defendants-Appellants.*

ANDREW LEVCHUK (Jodi Kim Miller, *on the brief*), Bulkley, Richardson and Gelinas, LLP, Springfield, MA, *for Defendants-Counter-Claimants-Appellees.*

———————

WESLEY, *Circuit Judge*:

The issue in this appeal is whether doctors, as healthcare providers, are beneficiaries of their patients' health-insurance plans such that they have standing to seek relief under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Under the circumstances of this case, they are not.

2

## BACKGROUND

Henry L. Rojas and Mitchell K. Rosen are physicians licensed in the State of New York and are co-owners of H & L Rojas, M.D., P.C. (collectively, "Rojas"). Rojas is an in-network healthcare provider with Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company (collectively, "Cigna"). Cigna insureds use Cigna's coverage to pay their bills when they receive medical services from Rojas; in exchange, Rojas accepts reduced reimbursement rates.

Cigna's Benefit Plan covering its insureds states that "All Medical Benefits are payable to you [the patient]. However, at the option of [Cigna], all or any part of them may be paid directly to the person or institution on whose charge [the] claim is based. . . . When benefits are paid to you or your Dependent, you or your Dependent is responsible for reimbursing the Provider." J.A. 81.[1]

Rojas's Cigna-insured patients assign to Rojas their right to collect payment for medical services directly from Cigna. According to the Complaint, the form signed by Rojas's patients states, in relevant part, as follows:

---

[1] The Benefit Plan uses the terms "benefit" and "payment" interchangeably. For example, the Benefit Plan has a provision for payment that covers the event "[i]f [a patient] die[s] while any of these benefits remain unpaid." J.A. 81.

> Assignment and Release: I, the undersigned, have insurance coverage with _____ and assign directly to Rojas and Rosen, MD, PC all medical benefits, if any, otherwise payable to me for services rendered. I understand that I am financially responsible for all charges, including those related to physical examinations, whether or not paid by insurance.

J.A. 14. Cigna regularly investigates its in-network physicians regarding reimbursement claims that may be inconsistent with Cigna's coverage regarding medical necessity. After an investigation involving Rojas and other practices, Cigna suspected that Rojas was ordering blood tests to measure allergies, instead of skin tests as typically required by Cigna's coverage. Cigna also "noted the frequency by which Dr. Rose[n] and Dr. Rojas submitted claims for blood tests for suspected allergies for each patient." J.A. 223. Rojas billed a blood panel test "repetitively for the same patient over a sustained period of time," which is inconsistent with normal allergy testing practice. J.A. 224.

Cigna expressed its concerns about the allergy tests in a letter from its national medical director for fraud and abuse; that letter initiated a letter exchange between Rojas and Cigna regarding the medical necessity of the allergy tests. Cigna determined that it had overpaid Rojas in the amount of $844,334.52 for allergy tests for about 150 patients and requested that Rojas return the full amount "for the claims paid in error." J.A. 130. That is when the lawyers got

involved.  Rojas's attorney objected to Cigna's demand.  Cigna's attorney offered to arbitrate the dispute under the parties' provider agreement, but Rojas rejected the offer.  Cigna's counsel then notified Rojas that Cigna would terminate Rojas as a healthcare provider in its network.

Rojas filed suit in the United States District Court for the Southern District of New York (Kenneth M. Karas, Judge) seeking, among other things, an injunction "prohibiting all retaliatory acts against [Rojas] including [the] termination of the provider agreements."  J.A. 31.  Rojas contended that Cigna had violated the anti-retaliation provision of ERISA, which makes it unlawful for "any person to . . . discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan."  29 U.S.C. § 1140.  Rojas's claim was for reinstatement as a provider, not for payment under the Benefit Plan.  Rojas moved for a temporary restraining order and preliminary injunction to prohibit Cigna from terminating Rojas from its provider network.  The district court denied Rojas's motion for a preliminary injunction, finding that Rojas lacked standing to bring an ERISA action.  The district court noted that, under ERISA, a civil anti-retaliation action may be brought only by a "participant, beneficiary, or fiduciary" of an ERISA plan, *see*

5

Spec. App. 77 (quoting 29 U.S.C. § 1132(a)(3)); the court found that Rojas was not a plan "beneficiary" under ERISA. The court held that "Healthcare providers, such as Plaintiffs . . . don't become beneficiaries solely by virtue of receiving reimbursement from a plan administrator, such as Cigna." Spec. App. 78. The district court also determined that while Rojas claimed to have taken assignments of the rights of plan participants, the language of the assignments was limited to receiving reimbursements, and did not convey the right to assert ERISA anti-retaliation claims.

## DISCUSSION

We review "statutory standing *de novo*, provided the statutory standing questions are of a legal nature." *Kendall v. Emps. Ret. Plan of Avon Prods.*, 561 F.3d 112, 118 (2d Cir. 2009).

Section 502(a)(1)(B) of ERISA, codified in Title 29 of the United States Code, provides a federal cause of action for civil claims aimed at enforcing the provisions of an ERISA plan. *See* 29 U.S.C. § 1132. ERISA enumerates "[p]ersons empowered to bring a civil action . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* § 1132(a)(1)(B). As

6

relevant here, Section 502 is narrowly construed to authorize only two categories of persons to sue directly to enforce their rights under the plan: participants and beneficiaries. *Id.* § 1132(a)(1); *see Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983); *see also Chemung Canal Trust Co. v. Sovran Bank/Md.*, 939 F.2d 12, 14 (2d Cir. 1991) ("[I]n the absence of some indication of legislative intent to grant additional parties standing to sue, the list in § 502 should be viewed as exclusive.").[2] ERISA defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization," 29 U.S.C. § 1002(7), *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989), and "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder," 29 U.S.C. § 1002(8).

Rojas argues that it has standing. Rojas contends that because it is entitled to reimbursement from Cigna—a literal "benefit"—it is a "beneficiary" entitled to bring claims under Section 502. Rojas claims that its entitlement to receive "benefits" under the Plan is premised on two theories. One, Rojas presses that it

---

[2] Other subsections of the statute create causes of action for plan fiduciaries, the Secretary of Labor, and other parties, *see* 29 U.S.C. §§ 1132(a)(2)–(11), but those are not at issue in this appeal.

7

is a "plan-designated beneficiary" by virtue of how the Benefit Plan structures payment. Appellants' Br. 36. Rojas points to a section of the Benefit Plan that provides that Cigna may pay Rojas directly for reimbursement for covered services. Thus, Rojas contends, it is a beneficiary under the terms of the Benefit Plan. In the alternative, Rojas argues that it is a "participant-designated beneficiary" because its patients assigned to Rojas their right to payment. Appellants' Br. 36–43. Under both theories, Rojas equates beneficiary status as understood under the statute with the right to receive a "benefit" provided by the healthcare plan. Rojas draws no distinction between its patients' right to have their medical bills paid by Cigna and its right to receive those payments. Neither of these bases for standing is persuasive.

The core of Rojas's claim is that it wants to be reinstated as a Cigna participating provider.[3] Rojas has sued under the wrong agreement.[4] Approved provider status in Cigna's network is a function of Rojas's provider contract with Cigna. When we pointed this out to its counsel at oral argument, Rojas

---

[3] Since Rojas has pinned its hopes on the Benefit Plan and ERISA we have no occasion to pass on the provider agreement.

[4] ERISA's anti-retaliation provision gives participants and beneficiaries a right to sue when their health plan "discharge[s], fine[s], suspend[s], expel[s], discipline[s], or discriminate[s] against [them] for exercising any right to which [they are] entitled." 29 U.S.C. § 1140.

continued to press the claim that it is a beneficiary under ERISA and can sue

under the Benefit Plan.[5]  So be it.  The district court wisely rejected this argument

and found that Rojas is not a beneficiary as defined by ERISA and that its rights,

if any, are limited by the assignments made by its patients.

"Beneficiary," as it is used in ERISA, does not without more encompass

healthcare providers.  Although the term "benefit" is not defined in ERISA, we

are persuaded that Congress did not intend to include doctors in the category of

"beneficiaries."  Benefits to which a beneficiary is entitled are bargained-for

goods, such as "medical, surgical, or hospital care," *Kolasinski v. Cigna Healthplan*

*of CT, Inc.*, 163 F.3d 148, 149 n.1 (2d Cir. 1998) (quoting 29 U.S.C. § 1002(1)(A)),

rather than a right to payment for medical services rendered.  A beneficiary is

best understood as an individual who enjoys rights equal to the participant's to

receive coverage from the healthcare plan.  A participant's spouse or child is the

---

[5] We surmise that Rojas sued under ERISA to make use of the shorter time period in which Cigna could protest a claim made by a beneficiary, *see* 29 C.F.R. § 2560.503-1(f)(2)(iii)(B) ("In the case of a post-service claim, the plan administrator shall notify the claimant . . . of the plan's adverse benefit determination within a reasonable period of time, but not later than 30 days after receipt of the claim.").  Rojas contends that Cigna's attempts to recoup the overpayments were untimely.

most likely candidate for this term.[6] *Cameron Manor, Inc. v. United Mine Workers of Am.*, 575 F. Supp. 1243, 1245 (W.D. Pa. 1983) ("Beneficiary" refers to people, "other than the employee-participant, who [are] covered by the plan's provisions—e.g., a spouse or dependent.").  While Rojas may indeed be entitled to a benefit *qua* benefit through operation of the plan—*i.e.*, payment for its medical services—Rojas confuses the issue.[7]  The "benefit" the plan provides belongs to Rojas's patients; Rojas's claim to payment for covered services is a function of how Cigna reimburses healthcare providers under the Benefit Plan. That right to payment does not a beneficiary make.  *See Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 627 (6th Cir. 2001) ("The fact that plaintiff may be

---

[6] Beneficiaries have no right of beneficiary designation under ERISA; rather, "[t]he insured has the right to change his beneficiary designation 'at any time without the knowledge or consent of the previous beneficiary.'"  *Hillman v. Maretta*, 133 S. Ct. 1943, 1955 (2013) (Thomas, J., concurring) (quoting 5 C.F.R. § 870.802(f)).

[7] Unfortunately, Rojas is not alone in its confusion.  Some courts have used the term "benefit" loosely to include payment owed.  *See, e.g.*, *Premier Health Ctr., P.C. v. UnitedHealth Grp.*, No. Civ. 11-425 (ES), 2014 WL 4271970, at *18 (D.N.J. Aug. 28, 2014) ("[W]hile a repayment demand based on a mistaken payment for a claim that was never submitted may not technically be in response to a claim for benefits, it is nonetheless a denial or termination of a previously paid *benefit*." (emphasis added)); *Pa. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, No. 09 C 5619, 2014 WL 1276585, at *13 (N.D. Ill. Mar. 28, 2014) ("[T]he direct payments to the chiropractors at issue in this case amount to benefits within the meaning of ERISA.").  While correct from the dictionary's perspective, use of "benefit" to include payment in this context does not fit with ERISA's greater statutory scheme.

entitled to payment from defendants as a result of her clients' participation in an employee plan does not make her a beneficiary for the purpose of ERISA standing."). The Benefit Plan issues no guarantee of direct payment—why else would Rojas have required the assignments? It simply offers direct payment as a convenience for its insureds, itself, and its providers. "Beneficiary" clearly refers to those individuals who share in the benefits of coverage—medical services and supplies covered under their health care policy.

Our interpretation is consistent with every circuit that has considered this question. *See, e.g.*, *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014) ("As a non-participant health care provider, Spinedex cannot bring claims for benefits on its own behalf. It must do so derivatively, relying on its patients' assignments of their benefits claims."); *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001) ("Healthcare providers such as physician assistants generally are not considered 'beneficiaries' or 'participants' under ERISA."); *Ward*, 261 F.3d at 627 (declining to include healthcare providers as possible beneficiaries under ERISA).

As an alternative to its plan-designated beneficiary theory, the Complaint alleges that Rojas has standing as its patients' assignee. The assignments

11

allegedly executed by the patients, however, confer to Rojas *only* the right to pursue the participants' claims for payment, not other categories of ERISA claims.[8] J.A. 14 (assigning the patients' right to payment "payable to [the patient] for services rendered"). Not all ERISA assignments convey the same rights. For example, an assignment may give the assignee the right to bring only a claim for benefits, but not a claim for breach of fiduciary duty. *See Spinedex*, 770 F.3d at 1292 (because assignee provider was "assigned only the right to bring claims for payment of benefits, [healthcare provider] has no right to bring claims for breach of fiduciary duty"). By expressly assigning only their right to payment, Rojas's patients did not also assign any other claims they may have under ERISA.

Rojas's assignment argument also fails under common law principles. An "assignee acquires no greater rights . . . than his assignor." *Kissling v. Skolkin*, 9 N.Y.S.2d 843, 845 (App. Div. 1939). "If an assignee seeking relief in court stands in the place of an assignor, there has been a substitution rather than an expansion

---

[8] There is no evidence in the record that Rojas's patients ever signed the assignment-of-benefits form referenced in the Complaint, so we need not even address Rojas's arguments under the participant-designated beneficiary theory. *See Hobbs*, 276 F.3d at 1242 ("Without proof of an assignment, the derivative standing doctrine does not apply."); *see also Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) ("When a preliminary injunction is sought, a plaintiff's burden to demonstrate standing will normally be no less than that required on a motion for summary judgment." (internal quotation marks omitted)).

of the parties." *City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.*, 156 F.3d 223, 228 (1st Cir. 1998). The *patients* were not removed from the Cigna network such that they were entitled to sue for a declaration clarifying *their* status as healthcare providers in the network. The *patients* are not healthcare providers. Cigna did not seek reimbursement for suspect allergy payments from the *patients*. The assignments were not directed at any claims the patients may have had against Cigna in that regard, as there were none. Rojas's grievance with Cigna is uniquely its own; it is not derivative of Rojas's patients.

In light of our conclusion that Rojas lacked standing to bring an ERISA anti-retaliation claim under Section 502, we need not address the factors to be considered in deciding whether to award a preliminary injunction, and we affirm Judge Karas's decision dismissing the case. *See Munaf v. Geren*, 553 U.S. 674, 691–92 (2008).

## CONCLUSION

Healthcare providers are not "beneficiaries" of an ERISA welfare plan by virtue of their in-network status or their entitlement to payment. Patients may assign to their doctors the right to collect payment on their behalf in exchange for medical services, but the doctors in this case do not seek payment; instead, they

13

seek to assert anti-retaliation protections which were not assigned to them.  The

judgment of the district court is AFFIRMED.