16-4220-cv
Professional Orthopaedic Assocs. PA  v. 1199 National Benefit Fund

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of September, two thousand seventeen.

Present:        ROSEMARY S. POOLER,
                GERARD E. LYNCH,
                        *Circuit Judges*.
                BRIAN M. COGAN,[1]
                        *District Judge*.

_____

PROFESSIONAL ORTHOPAEDIC ASSOCIATES, PA,
JASON COHEN, M.D., F.A.C.S., as designated authorized
representatives of Patient AM, PATIENT AM,

                    *Plaintiffs-Appellants*,


            v.                                                  16-4220-cv

1199SEIU NATIONAL BENEFIT FUND,[2]

                    *Defendant-Appellee*.

_____

Appearing for Appellants:    Karen Wachs, The Beinhaker Law Firm, LLC, Millburn, N.J.

---

[1] Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

1

Appearing for Appellee:     Suzanne A. Metzger, Assistant General Counsel, 1199 SEIU
                            National Benefit Fund, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Professional Orthopaedic Associates, P.A. ("POA"), Jason Cohen, M.D. and Patient AM appeal from the November 22, 2016 opinion and order of the United States District Court for the Southern District of New York (Forrest, *J.*) dismissing their complaint against 1199SEIU National Benefit Fund (the "Fund") for failure to state a claim, lack of standing, and failure to exhaust administrative remedies. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A person owed benefits under ERISA may bring a civil suit to recover those benefits pursuant to ERISA Section 502(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B). "As relevant here, Section 502 is narrowly construed to authorize only two categories of persons to sue directly to enforce their rights under the plan: participants and beneficiaries*." Rojas v. Cigna Health & Life Ins. Co.*, 793 F.3d 253, 256 (2d Cir. 2015). ERISA defines "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . , or whose beneficiaries may be eligible to receive any such benefit," 29 U.S.C. § 1002(7), and "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder," 29 U.S.C. § 1002(8).

The definition of beneficiary "as it is used in ERISA, does not without more encompass healthcare providers." *Rojas*, 793 F.3d at 256. In the Second Circuit, however, "[w]e have allowed physicians to bring claims under § 502(a) based on a valid assignment from a patient." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc*., 821 F.3d 352, 361 (2d Cir. 2016). To proceed in the shoes of a beneficiary, the assignee must show that there is a valid assignment that comports with the terms of the benefits plan. *See Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 13cv6551, 2016 WL 2939164, at *4 (S.D.N.Y. May 19, 2016).

Here, Patient AM executed an "Authorization of Designated Representative to Appeal a Determination" ("DAR"). In relevant part, the DAR "authorize[s] Professional Orthopaedic Associates, as [Patient AM's] designated representative, to appeal to [Patient AM's] insurance company, 1199SEIU National Benefit Fund, on [Patient AM's] behalf, in the determination of services rendered by Dr. Jason Cohen." App'x at 26. It also authorizes "1199SEIU National Benefit Fund to disclose and furnish to [Patient AM's] designated representative, Professional Orthopaedic Associates . . . [a]ll medical and financial information contained in [Patient AM's] insurance file." App'x at 26. The DAR does not assign POA or Cohen any other rights Patient AM may have under the plan, such as the right to bring suit to recover benefits due to Patient AM under the plan.

This less-than-partial assignment is fatal to Cohen and POA's standing to sue for benefits due Patient AM under the plan, even assuming arguendo that patients may assign their claims under Section 502(c), as opposed to Section 502(a). The DAR here simply authorizes POA to appeal to the Fund "in the determination of services rendered by" Cohen, and permits the Fund to share the information contained in Patient AM's medical file. App'x at 26. There is no assignment of the right to sue for benefits. Indeed, when defendant moved before the district court to dismiss Cohen and POA from the suit for lack of standing, POA and Cohen appear to have agreed that they lacked standing to sue for benefits. There is no error in the district court's conclusion that neither Cohen nor POA had standing to sue on Patient AM's behalf.

While Patient AM certainly has standing to pursue her own claims, she has not plausibly stated a claim for relief under ERISA §§ 502(a)(1)(B) or 502(c)(1)(B). As to Patient AM's Section 502(a)(1)(B) claim, the complaint alleges that the Fund is required to pay the "usual, customary and reasonable rates" for services rendered by the out-of-network providers, App'x at 7, but it fails to identify any provision in the plan documents requiring the Fund to pay such rates. The district court thus properly ruled that Patient AM failed to state a plausible claim for relief under Section 502(a)(1)(B). *See Guerrero v. FJC Servs. Inc.*, 423 F. App'x 14, 16-17 (2d Cir. 2011).

As to Patient AM's Section 502(c)(1)(B) claim, to the extent that plaintiffs seek penalties under that provision for the Fund's failure to provide information required to be furnished under ERISA § 503 and 29 C.F.R. § 2560.503-1, we have held that the failure to provide such information does not give rise to civil penalties under ERISA. *See Halo v. Yale Health Plan, Dir. Of Benefits & Records Yale Univ.*, 819 F.3d 42, 58 (2d Cir. 2016). The Fund acknowledges that a claim for civil penalties under Section 502(c)(1)(B) may be brought for a violation of ERISA § 104(b)(4), which requires that a plan administrator provide certain enumerated documents "upon written request of any beneficiary." 29 U.S.C. § 1024(b)(4). But plaintiffs never requested any such documents. Instead, they asked that the Fund provide "the applicable policy language, which justifies the reduction [of benefits] as well as the data used to establish the reimbursement rate." App'x at 18-19. That does not constitute a request for documents under Section 104(b)(4), but rather a request for an explanation of the Fund's determination of benefits. Accordingly, the district court properly ruled that Patient AM failed to state a plausible claim for relief under Section 502(c)(1)(B).

We have considered the remainder of the appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3