**MICHIGAN DEPARTMENT OF TREASURY, Plaintiff,**

v.

**Paul MICHALEC and Sandra Gray, Defendants.**

**No. 00–10243–BC.**

United States District Court, E.D. Michigan, Northern Division.

Jan. 25, 2002.

Daniel M. Levy, Michigan Department of Attorney General, Collections Division, Detroit, MI, for plaintiff.

Gerald L. Decker, St. Clair Shores, MI, for defendants.

### *OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REMANDING CASE TO OGEMAW COUNTY, MICHIGAN CIRCUIT COURT*

LAWSON, District Judge.

This matter is before the Court on plaintiff's motion for reconsideration filed November 8, 2000. At a hearing on October 25, 2000, this Court denied plaintiff's motion to remand finding that removal jurisdiction was proper because the state law claim was preempted by the Employee Retirement Income Security Act (ERISA) and provided a basis for removal jurisdiction. Because the Court now finds that it lacks removal jurisdiction, the Court will grant the plaintiff's motion and remand the case to the state court:

## I.

Defendant Paul C. Michalec is a state prisoner housed at Egeler Correctional Facility in Jackson, Michigan. Defendant Sandra Gray holds power of attorney for defendant Michalec. The plaintiff, Michigan Department of Treasury, filed this lawsuit in Ogemaw County (Michigan) Circuit Court seeking reimbursement for the costs of incarceration pursuant to the State Correctional Facility Reimbursement Act (SCFRA), Mich. Comp. L. § 800.401, *et seq.* In its complaint, the plaintiff alleges defendant Michalec receives pension benefits of approximately $1,800 per month from General Motors Corporation. The plaintiff seeks an order directing the defendant to instruct the pension plan administrator to send the defendant's monthly pension checks to his prison account, where it will be accessible by the warden to draw funds to pay for the cost of the defendant's incarceration.

The defendant removed the case to this Court, alleging removal is proper under the anti-alienation and preemption provisions of ERISA, 29 U.S.C. §§ 1056(d)(1) & 1144(a). The plaintiff filed a motion to remand which was denied by this Court at a hearing on October 25, 2000. The plaintiff filed the instant motion on November 8, 2000. Pursuant to E.D. Mich. LR 7.1(g)(2), the Court ordered a response to the motion for reconsideration from the defendant; a response was filed on December 28, 2000.

## II.

### A.

The Court will grant a motion for reconsideration if the moving party shows (1) a "palpable defect," (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR

7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.,* 971 F.Supp. 262, 278 (E.D.Mich.1997) (citing Webster's New World Dictionary 974 (3d Ed.1988)). "[M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(h)(3).

### B.

A case may be removed from state court to federal court if the case could originally have been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have jurisdiction to hear cases "arising under the Constitution, laws, or treaties of the United States" or based on diversity of citizenship. 28 U.S.C. §§ 1331 & 1332.

Removal statutes are narrowly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). To invoke removal jurisdiction, a defendant has the burden to show that the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757 (6th Cir.2000). Because the defendants do not allege diversity of citizenship, removal is only proper for actions in "which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).

Federal courts use the "well-pleaded complaint" rule to determine "arising under" jurisdiction. *Long,* 201 F.3d at 758. That rule provides that " 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *Id.* (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct.

2425, 96 L.Ed.2d 318 (1987)). Generally, a state law claim cannot be "recharacterized" as a federal claim for the purpose of removal. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). However, if an area is "completely preempted," then the state law claim is displaced by the federal cause of action, and the action is subject to removal. *Taylor,* 481 U.S. at 63–64, 107 S.Ct. 1542; *Warner v. Ford Motor Co.,* 46 F.3d 531, 534 (6th Cir.1995) (en banc). The rationale undergirding this exception is that where federal preemption is so complete that conflicting state law not only must yield but is effectively extinguished, the only theory of recovery remaining is the federal claim, which takes the place of the state law claim recited in the complaint. *Id.* at 534. The complaint itself is therefore deemed to state a federal cause of action.

Congress intended ERISA to be "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Thus, to promote uniformity and a consistent national policy governing employee benefit plans, Congress "establish[ed] pension plan regulation as exclusively a federal concern," *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), by enacting 29

U.S.C. § 1144(a) which declares that ERISA will "supersede any and all State laws" which may "relate to" an employee benefit plan that is subject to ERISA. State statutes which, in their application, even remotely affect ERISA plan administration or allocation of benefits are subject to ERISA's explicit preemption provisions. *See Lincoln Mut. Cas. Co. v. Lectron Products, Inc.*, 970 F.2d 206, 209–10 (6th Cir.1992).

■ It does not automatically follow, however, that where a state rule of decision is preempted by federal law, a claim is removable under 28 U.S.C. § 1441(a). That is because a distinction is made between "[p]reemption and complete preemption." *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613–14 (6th Cir.2001). A state claim is completely preempted, and thus removable under ERISA, if it is equivalent to an civil enforcement action under 29 U.S.C. § 1132(a)(1)(B). *Id.; Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 627 (6th Cir.2001). Section 1132(a)(1)(B) states that "[a] civil action may be brought . . . (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

■ Thus, removal is not appropriate simply because ERISA preempts a state law.

Removal is allowed in § 1132(a)(1)(B) type [ERISA] cases . . . because of the [Supreme] Court's conclusion that Congress intended federal law to occupy the field of pension contract enforcement. . . . State causes of action not covered by § 1132(a)(1)(B) may still be subject to a preemption claim under § 1144(a) because the state law at issue may "relate to" a pension or employee benefit plan. But such actions are not subject to removal.

Removal and preemption are two distinct concepts. "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted"—for example under § 1144(a)—"does not establish that they are removable to federal court." *Caterpillar*, 482 U.S. at 398[, 107 S.Ct. 2425]. The federal preemption defense in such nonremovable cases would be decided in state court and would be subject to review on certiorari in the U.S. Supreme Court.

*Warner*, 46 F.3d at 535

■ In the case now before the Court, the plaintiff seeks an order compelling the redirection of the defendant's pension plan benefits under the authority of SCFRA. Both this Court and the Michigan Court of Appeals have held that where the state utilizes SCFRA to effectively compel an assignment of pension plan benefits, as the state attempts here, SCFRA is preempted by ERISA. *See Roberts v. Baugh*, 986 F.Supp. 1074 (E.D.Mich.1997), *State Treasurer v. Abbott*, —— Mich.App. ——, —— N.W.2d ——, ——, No. 223567, 2001 WL 1666045, at *3 (Mich.Ct.App. Dec.28, 2001). In *Abbott*, the court held that "requiring General Motors to make defendant's pension payment to defendant's prison account against defendant's will conflicts with, and is therefore preempted by, ERISA's anti-alienation provision." *Id. See* 29 U.S.C. § 1056(d)(1).

However, the plaintiff is not the "participant or beneficiary" of the plan. In addition, although the plaintiff is seeking payment from the plan, it is not "recover[ing] benefits due to [it]," "enforc[ing][its] rights," or "clarify[ing][its] rights to future benefits" under the terms of the plan. Indeed, the plaintiff in this case has no rights under the plan whatsoever despite the fact

that its claim nonetheless "relates to" the plan. Therefore, although the plaintiff's claim under SCFRA is preempted by ERISA and accordingly it must fail, it is not *completely* preempted by ERISA and thus not removable. Removal was improper and remand is therefore appropriate.

### III.

The plaintiff has shown a palpable defect which results in a different disposition of the motion to remand. Accordingly, it is **ORDERED** that plaintiff's motion for reconsideration [dkt # 8] is **GRANTED**.

It is further **ORDERED** that this case is **REMANDED** to the Ogemaw County (Michigan) Circuit Court for further proceedings in accordance with this opinion.