**Ladonna PARTLOW as personal representative of the Estate of Farrell Partlow, Plaintiff,**

**v.**

**Julie Ann PERSON, Defendant.**

**Case No. 11–11121.**

United States District Court,
E.D. Michigan,
Southern Division.

July 12, 2011.

Andrew J. Thav, Thav & Ryke, Southfield, MI, David M. Davis, Hardy, Lewis, Birmingham, MI, for Plaintiff.

Steven T. Budaj, Detroit, MI, for Defendant.

### OPINION AND ORDER GRANTING MOTION TO REMAND

DAVID M. LAWSON, District Judge.

This matter is before the Court on the plaintiff's motion to remand the case to the Wayne County, Michigan circuit court, where it was filed originally. The plaintiff brought an action to lay claim to the proceeds of a policy insurance on the life of Farrell Partlow, issued by General Motors Corporation as an employee benefit. The insurer, Metropolitan Life Insurance Company (Met Life), agreed to pay the proceeds to defendant Julie Ann Person (formerly Partlow), the named beneficiary. The plaintiff's complaint alleges that Ms. Person divorced the decedent and the judgment of divorce contains a waiver of his insurance benefits, and it seeks to require the defendant to pay those proceeds into the decedent's estate. The defendant removed the case to this Court alleging that the plaintiff's claims are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* The plaintiff argues in her motion to remand that her state law claim is not completely preempted, and this Court would not have original jurisdiction over the matter as pleaded in the complaint. The plaintiff also seeks attorney's fees for the wrongful removal. The Court heard oral argument on the motion on June 27, 2011, after which the parties sought permission to file supplemental briefs, which the Court permitted. The Court now finds that the plaintiff's claim is not completed

preempted by federal law, and the Court does not have subject matter jurisdiction. Therefore, the Court will grant the motion to remand. However, the Court does not believe an award of attorney's fees is warranted.

## I.

The decedent, Farrell Partlow, was an employee of General Motors and participated in a life insurance benefits plan through his employer and administered by Met Life. The parties agree that the plan was governed by ERISA. The decedent was married to defendant Julie Ann Person until they divorced on May 30, 2003. At some point before their divorce, the decedent completed a beneficiary designation form naming Julie Ann Person as the primary beneficiary under the life insurance policy. There is no dispute that the form is the last known beneficiary designation form filed with either General Motors or Met Life, or that the form named the defendant as the proper beneficiary.

The May 30, 2003 consent judgment contained Michigan's statutory insurance clause, which states that "any right either party has to the proceeds or other benefits of policies or cont[r]acts of life insurance, endowments, or annuity upon the life of the other as a named beneficiary or by assignment during or in anticipation of marriage are extinguished unless provided for elsewhere in this judgment." Am. Compl., Ex. A, Consent Judgment for Divorce at 4. In a later paragraph, the consent judgment also states that "each party shall immediately execute and deliver to the other party all documents necessary to carry out the terms of this judgment, and upon failure to do so, copy of this judgment may be recorded with the same effects as [though] said deed, conveyance or other document had been personally executed by the failing party." *Id.* at 5. The

decedent apparently never filed an updated beneficiary designation form with his employer or the plan administrator changing the beneficiary of his life insurance.

Despite their divorce, the defendant contends that she remained "very close friends" with the decedent, they dated for approximately four years, and considered re-marrying each other. She says that during two discussions during 2004 and 2005, the decedent expressed that he wanted her to remain as the beneficiary on his life insurance plan.

On September 27, 2010, Farrell Partlow died. At some point shortly thereafter, the defendant alleges that Andrew Jay Thav, co-counsel for the plaintiff in the present matter, contacted her and instructed her to file a claim for the proceeds of the life insurance policy. There is no evidence of this communication in the record. Nonetheless, both the defendant and the plaintiff, who is the personal representative of the decedent's estate, filed claims for the proceeds. On October 18, 2010, Met Life sent the parties a letter stating that the proceeds were payable to the defendant as the last named beneficiary. The plaintiff contends, however, that the defendant's entitlement to the life insurance proceeds was terminated or waived by operation of the consent judgment of divorce and seeks to recover these funds from the defendant under state-law-based equitable remedies.

The plaintiff filed a single count complaint in the Wayne County, Michigan circuit court on December 14, 2010, followed by an amended complaint on December 29, 2010, which contains no material changes. On December 14, 2010, the plaintiff also filed an *ex parte* motion for a temporary restraining order, preliminary injunction, and order to show cause. On December 15, 2010, a state circuit court judge entered a temporary restraining order that

enjoined the defendant from dissipating the funds received from Met Life. That court converted its order to a preliminary injunction on January 7, 2011. The state court scheduled a second show cause hearing for January 28, 2011. There is no evidence in the record explaining what happened at that hearing.

The defendant contends that she did not receive service of the state court papers until February 25, 2011. By then, the state court had heard a summary judgment motion filed by the plaintiff and granted it from the bench. No order had entered, however, and before the court entered one, the defendant filed her notice of removal on March 17, 2011. In her removal notice, the defendant argues that the plaintiff's claim was pre-empted by ERISA, and she alleges that this Court has federal question jurisdiction.

On April 21, 2011, the plaintiff filed the present motion to remand the matter to state court based on a lack of subject matter jurisdiction.

## II.

### A.

■ This case quite obviously involves a dispute over life insurance proceeds that come from an ERISA-governed plan. And the plaintiff seeks to enforce a statutory insurance provision in the judgment of divorce that plainly is preempted by ERISA. *See Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001). But the plaintiff's state court complaint does not include a claim against the plan administrator or otherwise seek benefits from the plan itself. It contains only a state law cause of action between citizens of the same state. Subject matter jurisdiction, therefore, is questionable.

■ Federal district courts are courts of "limited jurisdiction," and the burden of

establishing subject matter jurisdiction rests with the defendant in this case as the party removing the case and asserting federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir.1996) (quoting *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985)); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989); *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.,* 401 F.3d 701, 704 (6th Cir.2005) (citing *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir.1999)), *abrogated on other grounds by Hall St. Assocs., LLC v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008).

■ Section 1441(a) of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." There is no suggestion that the parties to this action are citizens of different states, and therefore there can be no subject matter jurisdiction under 28 U.S.C. § 1332(a). However, federal courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and such a case may be removed by the defendant if the complaint is based on federal law. *See* 28 U.S.C. § 1441(b). If a matter over which this Court lacks subject matter jurisdiction is removed to this Court, "the

case shall be remanded.... The State court may thereupon proceed with such case." 28 U.S.C. 1447(c). Federal courts "look to the complaint at the time of removal ... and determine whether the action was properly removed in the first place." *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453 (6th Cir.1996).

 Federal courts use the "well-pleaded complaint" rule to determine "arising under" jurisdiction. *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 758 (6th Cir.2000). That rule provides that " 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *Ibid.* (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "[T]he party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913).

 General speaking, a case "arises under" federal law if the "cause[ ] of action [is] created by federal law, that is, where federal law provides a right to relief." *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 550 (6th Cir.2006) (citations omitted); *see also American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) (holding that "[a] suit arises under the law that creates the cause of action"); *see also Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (observing that the " 'vast majority' of cases that come within [section 1331's] grant of jurisdiction are covered by Justice Holmes' statement [in *American Well Works* ]"). Cases that are removed only on the basis of federal defenses—such as the defense of preemption—"even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only ques-

tion truly at issue," do not satisfy the removal statute's requirement. *Michigan Dep't of Treasury v. Michalec,* 181 F.Supp.2d 731, 734 (E.D.Mich.2002) (quoting *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425). The doctrine of complete preemption, invoked in very limited circumstances, *cf. Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 515 (6th Cir.2003), may result in an ersatz state law claim being deemed a federal cause of action and thus removable to federal court.

 The Sixth Circuit explained the concept and application of the doctrine of complete preemption in *Loftis v. United Parcel Service, Inc.* as follows:

> Generally, a state law claim cannot be "recharacterized" as a federal claim for the purpose of removal. [*Metro. Life Ins. Co. v.*] *Taylor,* 481 U.S. [58,] 63, 107 S.Ct. 1542 [95 L.Ed.2d 55 (1987) ].... However, if an area of the law is "completely preempted," then the state law claim is displaced by the federal cause of action, and the action is subject to removal. *Taylor,* 481 U.S. at 63–64, 107 S.Ct. 1542; *Warner v. Ford Motor Co.,* 46 F.3d 531, 534 (6th Cir.1995) (en banc). The rationale undergirding this exception is that where federal preemption is so complete that conflicting state law not only must yield but is effectively extinguished, the only theory of recovery remaining is the federal claim, which takes the place of the state law claim recited in the complaint. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1[, 8], 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."); *Warner,* 46 F.3d at 534. The

complaint itself is therefore deemed to state a federal cause of action. *Loftis*, 342 F.3d at 515.

 ERISA is one of the limited areas in which the concept of complete preemption applies. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 563–64 (6th Cir.2007). But in the context of ERISA, complete preemption occurs only when the action "is equivalent to a civil enforcement action under 29 U.S.C. § 1132(a)(1)(B)." *Michalec*, 181 F.Supp.2d at 735.

 The distinct between preemption and complete preemption must lead to this conclusion: it does not automatically follow that where a state rule of decision is preempted by federal law, a claim is removable under 28 U.S.C. § 1441(a). As mentioned above, a state claim is completely preempted, and thus removable under ERISA, if it is equivalent to an civil enforcement action under 29 U.S.C. § 1132(a)(1)(B). *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614–15 (6th Cir.2001); *Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 626–27 (6th Cir.2001). Section 1132(a) states that "[a] civil action may be brought . . . (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "[I]n order to come within the [complete preemption] exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan' . . . ." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 467 n. 11 (6th Cir.2002)

(quoting *Warner*, 46 F.3d at 533–34). The Sixth Circuit has suggested that these potentially preempted claims also must be brought by individuals who would be classified as participants or beneficiaries under section 1132 of ERISA; "[c]laims by anyone other than a 'participant or beneficiary[ ]' . . . fall outside the scope of ERISA's civil enforcement section" and are not subject to complete preemption or jurisdiction in the district court. *Mich. Affiliated Healthcare Sys., Inc. v. CC Sys. Corp. of Mich.*, 139 F.3d 546, 550 (6th Cir.1998) (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 946 (6th Cir.1994); *Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542 (1987)); *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1398–99 (6th Cir.1995). "State causes of action not covered by § 1132(a)(1)(B) may still be subject to a preemption claim under § 1144(a) . . . because the state law at issue may 'relate to' a pension or employee benefit plan. But such actions are not subject to removal." *Warner*, 46 F.3d at 535; *see also Peters*, 285 F.3d at 468 (noting that "claims that merely peripherally 'relate to' ERISA . . . do not create a federal cause of action"). "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted . . . does not establish that they are removable to federal court," *Caterpillar*, 482 U.S. at 398, 107 S.Ct. 2425; instead, that defense may be adjudicated in state court subject to review on certiorari by the United States Supreme Court, *Warner*, 46 F.3d at 535.

The defendant argues that the plaintiff's complaint is nothing more than a disguised claim for benefits under the General Motors plan, and therefore it falls within the scope of section 1132(a)(1)(B) as an action to recover benefits under the plan. The defendant contends that the plaintiff estate characterizes itself as a contingent benefi-

ciary under the plan and stakes its claim to the benefits on that status. The text of the complaint, however, does not support that argument. Although there is language in the amended complaint stating that the plaintiff "seeks entitlement to, and payment of, certain life insurance benefits under a MetLife Plan," Am. Compl. ¶ 5, the plaintiff does not allege that she is a plan beneficiary or otherwise entitled to benefits under the plan, nor has she sued the plan administrator. In fact, she acknowledges that she sought benefits from Met Life and was turned down in favor of the defendant. The plaintiff's lawsuit is addressed to the defendant as a recipient and owner of the life insurance proceeds, and she seeks payment of the funds now that they have been distributed by the plan beneficiary.

■■■ The law recognizes a distinction between a plan administrator's obligation to pay over benefits to a named plan beneficiary and that beneficiary's entitlement to keep those funds thereafter. In *Central States, S.E. & S.W. Areas Pension Fund v. Howell*, 227 F.3d 672 (6th Cir.2000), the Sixth Circuit held that ERISA preempted a provision in a divorce judgment directing how plan proceeds should be distributed, but ERISA did not insulate a fund generated by an employee welfare plan, once distributed, from legal or equitable claims by non-plan beneficiaries. *Id.* at 678–79. In that case, the deceased husband changed the beneficiary designation on a life insurance policy issued as part of an ERISA welfare plan in violation of a state court injunction issued to preserve the status quo in a divorce case. The husband died while the divorce was pending, and the court of appeals held that ERISA required that the insurance policy proceeds be paid to the deceased's children by a former marriage, whom the husband had designated in the beneficiary change form,

despite the state court order not to do so. However, the Court then stated:

> [T]here is no precedent binding on this Court on the issue of whether, once the beneficiary is determined, ERISA preempts all causes of action and possible remedies based upon state law that might be traced to the ERISA plan proceeds.

*Id.* at 678. The Court held that equitable claims relating to the parties competing for the fund, and not involving the plan administrator, are not preempted. Therefore, "once the benefits of an ERISA employee welfare benefit plan have been distributed according to the plan documents, ERISA does not preempt the imposition of a constructive trust on those benefits." *Id.* at 678–79. The Court concluded that the "district court has the discretion to impose a constructive trust upon those benefits in accordance with applicable state law if equity so requires." *Id.* at 679.

The Supreme Court's decision in *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 129 S.Ct. 865, 172 L.Ed.2d 662 (2009), cited by the defendant in her supplemental brief, does not change that rule because the Court explicitly left the question open. 129 S.Ct. at 875 n. 10 ("Despite our following answer to the question here, our conclusion that § 1056(d)(1) does not make a nullity of a waiver leaves open any questions about a waiver's effect in circumstances in which it is consistent with plan documents. Nor do we express any view as to whether the Estate could have brought an action in state or federal court against Liv to obtain the benefits after they were distributed. Compare *Boggs v. Boggs*, 520 U.S. 833, 853, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997) ('If state law is not preempted, the diversion of retirement benefits will occur regardless of whether the interest in the pension plan is enforced against the plan

or the recipient of the pension benefit'), with *Sweebe v. Sweebe,* 474 Mich. 151, 156–159, 712 N.W.2d 708, 712–713 (2006) (distinguishing *Boggs* and holding that 'while a plan administrator must pay benefits to the named beneficiary as required by ERISA,' after the benefits are distributed 'the consensual terms of a prior contractual agreement may prevent the named beneficiary from retaining those proceeds'); *Pardee v. Pardee,* 2005 Ok Civ.App. 27, ¶¶ 20, 27, 112 P.3d 308, 313–314, 315–316 (2004) (distinguishing *Boggs* and holding that ERISA did not preempt enforcement of allocation of ERISA benefits in state-court divorce decree as 'the pension plan funds were no longer entitled to ERISA protection once the plan funds were distributed').". In other contexts, post distribution actions against a fund subject to ERISA have been sustained as well. *See Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 831–32, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) (holding that once plan benefits have been paid to the beneficiary, ERISA does not prevent courts from subjecting the plan proceeds to a writ of garnishment).

Nor does the Supreme Court's decision in *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), change the result. In that case, the plaintiffs sued an ERISA health care provider for failing to pay for certain prescription medications, but the suit was brought under Texas state law. The Court held that the state law's enforcement scheme was intertwined with the scheme established by ERISA, and the plaintiffs' right to benefits was dependent entirely on the plan. The Court held, therefore, that the claim ostensibly brought under Texas state law was completely preempted and the cases were removable to federal court. However, in discussing complete preemption, that Court stated that "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* at 210, 124 S.Ct. 2488. In this case, the plaintiff alleges an independent legal duty against the defendant as recipient of funds to which, according to the plaintiff, the defendant waived entitlement.

The other cases cited by the defendant in her supplemental brief all involved actions by or against the plan administrator in which various individuals competed for the funds. Those cases properly are characterized as actions for benefits under section 502(a)(1)(B). In the present case, the plaintiff does not claim an entitlement to the funds from the plan administrator, nor dies the estate contend it is a contingent beneficiary under the plan. The basis of the claim is that the defendant is not entitled to the funds because she agreed to waive her right to them in the consent judgment of divorce. In fact, the cause of action is characterized as a breach of contract. The defendant may argue, correctly, that such a state law claim is preempted by ERISA, *Egelhoff,* 532 U.S. at 150, 121 S.Ct. 1322 (holding that ERISA preempts a Washington statute providing that the designation of a spouse as the beneficiary of a nonprobate asset is revoked automatically upon divorce). But such an argument is a federal defense that will not support federal question jurisdiction.

Other questions remain, as well. For instance, if the waiver provision in the state statute and the consent judgment of divorce disqualify the defendant from receiving the benefits, the plaintiff has not made a case for why the benefits should be paid to the estate. If the plaintiff were

relying on plan language for that connection, this would be a different case. But the amended complaint is silent on that point.

Based on the pleadings in their present state, the Court must find that the complaint does not arise under federal law, and the claim is not completely preempted. Therefore, the Court does not have subject matter jurisdiction, and the case must be remanded to state court.

## B.

██ The plaintiff seeks costs and attorney's fees against the plaintiff pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of costs is discretionary with the Court and often turns on whether the removal lacked merit. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir.1993). The Sixth Circuit has explained that section 1447(c) "gives district courts discretion to grant fees to the opposing party—they 'may' grant fees—if 'the removing party lacked an objectively reasonable basis for seeking removal.'" *Ohio ex rel. Skaggs v. Brunner,* 629 F.3d 527, 530 (6th Cir.2010) (quoting *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)). That court also has stated that an award of fees or costs "is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." *Warthman v. Genoa Twp. Bd. of Trs.,* 549 F.3d 1055, 1059–60 (6th Cir.2008) (citation omitted).

██ The Court finds that the defendant's reading of the plaintiff's amended complaint as seeking to recover benefits under the plan itself is a reasonable, although incorrect, view of that pleading. If that interpretation prevailed, then complete preemption would have applied and federal jurisdiction would have existed. Therefore, the Court believes that the defendant had an objectively reasonable basis for her conclusion that the amended complaint arose under federal law and subject matter jurisdiction could be found in this Court.

The Court finds, therefore, that the plaintiff is not entitled to costs or attorney's fees under 28 U.S.C. § 1447(c).

## III.

The Court finds that subject matter jurisdiction is lacking. The Court also concludes that the plaintiff is not entitled to receive costs or attorney's fees associated with her motion to remand.

Accordingly, it is **ORDERED** that the plaintiff's motion to remand [dkt. # 15] is **GRANTED.**

It is further **ORDERED** that the plaintiff's request for costs and attorney's fees is **DENIED.**

It is further **ORDERED** that this case is **REMANDED** to the Wayne County, Michigan circuit court.