DAVID M. LAWSON, United States District Judge
The Court filed an opinion and order on March 27, 2018 denying in part the defendants' motion to dismiss. Defendants Southfield Schools and the Southfield Board of Education moved for reconsideration of that part of the opinion finding that certain provisions of the Michigan Revised School Code create a property interest in teachers' annual effectiveness ratings, which is protected by the Due Process Clause. The defendants also moved to stay the case, and asked the Court to certify the question for interlocutory appeal or refer it to the Michigan Supreme Court. Finding no merit in any of these motions, the Court will deny them.
I.
The grounds for reconsideration motions are (or should be) well known to the defendants. Relief under such motions generally is reserved to cases where the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. Mich. Dep't of Treasury v. Michalec , 181 F.Supp.2d 731, 734 (E.D. Mich. 2002) (citations omitted). A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments. See, e.g. Sault Ste. Marie Tribe of Chippewa Indians v. Engler , 146 F.3d 367, 374 (6th Cir. 1998) ("Thus, parties should not use [motions to reconsider] to raise arguments which could, and should, have been made before judgment issued.").
*902 New arguments "raised for the first time in a motion for reconsideration at the district court generally [are] forfeited." United States v. Huntington Nat'l Bank , 574 F.3d 329, 331-32 (6th Cir. 2009). Old arguments re-presented will not justify reconsideration. See E.D. Mich. LR 7.1(h)(3) ("Generally ... the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court."). Instead, the moving party must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome. E.D. Mich. LR 7.1(h)(1).
The defendants here have presented nothing new, and their argument on this point suggests that they seek merely to rehash issues that already were raised and litigated in the course of their efforts to challenge the viability of the plaintiff's amended complaint. The main thrust of their reconsideration motions is this: (1) the Court ought to take another look at the holding that teachers have a property interest in their effectiveness ratings earned under the Michigan Revised School Code; and (2) the Michigan Court of Appeals already rejected that idea in Southfield Education Association v. Board of Education of Southfield Public Schools , 320 Mich. App. 353, 909 N.W.2d 1 (2017) (" Southfield III ").
A.
The defendants insist that the teachers cannot have a property interest in an effectiveness rating because those ratings are revisited each year. That argument is a non-starter. The Supreme Court has recognized protected property interests in a variety of benefits that are of limited duration and subject to renewal or ongoing review. See American Premier Underwriters, Inc. v. National R.R. Passenger Corp. , 709 F.3d 584, 594 (6th Cir. 2013) ("Grants of a horse-trainer's license, utility services, disability benefits, a driver's license, and welfare benefits have all sufficed to meet the "benefit conferral" requirement.") (citing Logan v. Zimmerman Brush Co. , 455 U.S. 422, 430-31, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) ). That a teacher's particular effectiveness rating may change over time does not affect a teacher's legitimate claim of entitlement to that status being used as the basis for personnel decisions.
The defendants also argue that hiring decisions by their nature are discretionary, requiring evaluation of a number of statutory factors, thereby precluding any protectable due process interest in any specific employment decision. As the Court explained in its earlier opinion, however, although a teacher may not have a right to a particular effectiveness rating, or to a specific hiring or retention decision, teachers are entitled to the process established by state law for making those decisions and their rankings earned thereunder. The Revised School Code directs school districts to adopt hiring policies that "are based on retaining effective teachers." Mich. Comp. Laws § 380.1248(1)(b). And "[e]ffectiveness shall be measured by the performance evaluation system under section [380.]1249 ...." Ibid.
The defendants purportedly complied with that statutory mandate when they adopted "policy 3131" which requires that " 'all personnel decisions shall be based on retaining effective teachers in situations involving a staffing or program reduction or any other personnel decision resulting in the elimination of a position as well as for hiring after such reductions/position eliminations to recall to vacant positions.' " Amend. Compl. ¶ 27. Under the policy, effectiveness is to be measured in accordance with the performance evaluation system developed under section 1249 of *903 the Revised School Code, and personnel decisions shall be based on enumerated factors identical to those in section 1248(1)(b).
When considering a plaintiff's procedural due process claim, the "essential inquiry is whether there exists a 'mutually explicit understanding[ ] that support[s] [the plaintiff's] claim of entitlement." Crosby v. University of Kentucky , 863 F.3d 545, 552 (6th Cir. 2017) (quoting Perry v. Sindermann , 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) ). " '[T]he Supreme Court has held that rules and understandings, promulgated and fostered by state officials can form the foundation of a protected property interest.' " Id. at 554 (quoting Gunasekera v. Irwin , 551 F.3d 461, 467 (6th Cir. 2009) ) (internal marks omitted).
It is well established that a policy can create a property interest, Med Corp., Inc. v. City of Lima , 296 F.3d 404, 410 (6th Cir. 2002) ; cf. Crosby , 863 F.3d at 553 ("Because Governing Regulation XX is not yet the policy of the University, it could not give rise to a mutual understanding that Crosby would continue in his chairmanship for the duration of his term."), especially where "[t]he terms of that policy ... constrain the discretion of the official to suspend the benefit." Id. at 411.
Here, in addition to the relevant statutory provisions, the plaintiffs point to policy 3131 and assert that "the individual Plaintiffs and other similarly situated members of Plaintiff SEA have a property interest as tenured teachers in continued employment and to be retained in employment based on their status as effective teachers." Amend. Compl. ¶ 35. As discussed in the Court's earlier opinion, in determining a teacher's effectiveness rating pursuant to the policy, the defendants' discretion is substantively constrained by the factors spelled out in section 1248 and the system prescribed in section 1249. Policy 3131 therefore provides an additional basis for the plaintiffs' procedural due process claim.
Having taken another look at the question, the Court finds no basis to change its earlier holding that the plaintiffs have identified a property interest that is entitled to protection under the Due Process Clause.
B.
The defendants argue that the Michigan Court of Appeals held otherwise in Southfield III. However, they read more into that case than can be sensibly discerned from its holding.
The Southfield III plaintiffs brought claims for violations of the Teacher Tenure Act (Count III) and due process (Count IV), among others. The court of appeals initially concluded that the trial court erred by dismissing Count III for lack of jurisdiction because the plaintiffs' argument was more appropriately construed as a claim under the Revised School Code, sections 1248 and 1249, which does not fall within the State Tenure Commission's administrative jurisdiction. 320 Mich. App. at 374, 909 N.W.2d at 14. The court nevertheless found, without elaboration, that reversal was unnecessary because summary disposition of Count III was appropriate for failure to state a claim. Ibid.
The court then addressed the plaintiffs' due process claim in that same section of the opinion. The plaintiffs focused their argument on the Michigan Teacher Tenure Act (which remained mostly intact in the wake of the Revised School Code's enactment in 2011), which prescribed the process under which a teacher could "be dismissed or demoted." 320 Mich. App. at 374-75, 909 N.W.2d at 14 (quoting the Teacher Tenure Act, *904 Mich. Comp. Laws § 38.91(1) ). The court found the plaintiffs' argument unpersuasive, concluding plaintiff "Smith has no due process right to recall, and the right of continuous employment for tenured teachers simply does not apply in this case." 320 Mich. App. at 375, 909 N.W.2d at 15. The court clarified that in light of the repeal of the statutory right of recall (which was found in the Teacher Tenure Act), the Revised School Code, not the Teacher Tenure Act, now governs teacher layoffs.
The court of appeals then explained that "[a] layoff because of a necessary reduction in personnel is not a discharge or demotion," so, " 'by definition, a school that lays off a teacher does not "demote" that teacher in the context of the [Teacher Tenure Act].' " 320 Mich. App. at 376, 909 N.W.2d at 15. (quoting Baumgartner v. Perry Pub. Sch. , 309 Mich. App. 507, 529, 872 N.W.2d 837 (2015) ). And because "Michigan law does not protect a tenured teacher's employment from a bona fide reduction in personnel ... no process is due a tenured teacher who is laid off unless the reduction in workforce is not bona fide." Ibid. The court concluded that the plaintiffs failed to state a claim for due process violations because they did not allege that the elimination of Smith's position was not bona fide or suggest that it was a subterfuge to avoid the Teacher Tenure Act's due process requirements. Ibid.
Contrary to the present defendants' argument, Southfield III did not address a teacher's property interest in an effectiveness rating. Nor did it discuss (let alone decide) a teacher's entitlement to the benefit of that rating under the Due Process Clause when a school district makes employment decisions. Instead, the defendants conflate the court of appeals's analyses on Count III and Count IV of the complaint in Southfield III to reach a holding that is much broader than what is actually announced in that case. The defendants, it appears, initially misunderstand the court's characterization of Count III-statutory claims under the Revised School Code-to somehow affect the court's treatment of the plaintiffs' separate due process claim in Count IV. But when discussing Count III, the court merely clarified what it believed to be the true grounds for the plaintiffs' claim, which apparently were identical to the allegations in Count I (violation of section 1248) and Count II (violation of section 1249) of the complaint in that case. The court affirmed dismissal of those statutory claims in earlier sections of the opinion.
The defendants here misrepresent the holding in Southfield III , contending that the court "plainly" rejected a due process claim that teachers have a right to continuous employment as a tenured teacher based on effectiveness status. According to the defendants, the court of appeals's characterization of the Teacher Tenure Act claim in Count III meant that the due process claim in Count IV, also sourced in the Teacher Tenure Act, somehow transformed into a due process claim sourced in the Revised School Code. But that argument is not supported by a plain reading of the opinion.
When the court of appeals addressed the plaintiffs' due process claim, it did not mince words when it constrained its analysis to the Teacher Tenure Act. The present defendants admit as much, noting that the court's property interest analysis focused on the Teacher Tenure Act. The court began its discussion with the relevant statutory provision, Michigan Compiled Laws § 38.91(1), and went on to describe the scope of the property interest sourced in that provision and recognized under Michigan law. The court clarified that the elimination of Smith's position *905 constituted a layoff due to a necessary reduction in personnel, not a dismissal or demotion covered by the Teacher Tenure Act. In announcing that "the right of continuous employment for tenured teachers simply does not apply in this case ," 320 Mich. App. at 375, 909 N.W.2d at 15 (emphasis added), the court concluded that the plaintiffs could not state a claim for due process violations based on the Teacher Tenure Act when the District's action did not qualify as a dismissal or demotion. The court made no pronouncement on the viability of a due process claim based on the Revised School Code, noting only that layoffs are now governed by that statute. The defendants contend that by not recognizing a property interest sourced in the Revised School Code, the court of appeals foreclosed future litigants from bringing such a claim. But that argument stretches an otherwise narrow holding well beyond its intended bounds. Borrowing the defendants' language, "to say that something is so does not make it so."
The defendants' corollary argument-that if a due process right existed here, the court of appeals would have reversed the trial court's ruling as to Count IV-fails for the same reason. Count IV plainly addressed a property interest sourced in the Teacher Tenure Act, whereas the instant plaintiffs are arguing that they have a property interest in continuous employment sourced in the Revised School Code. Moreover, the defendants' reliance on the Southfield III court's reasoning in Section I of the opinion is misplaced, as that section disposed of the plaintiffs' claim under section 1248. The court found no statutory violation based on Smith's particular circumstances where she held no effectiveness rating for the job for which she applied but was not hired into. 320 Mich. App. at 368-69, 909 N.W.2d at 11. Once again, the defendants conflate distinct portions of the court's opinion to substantiate a position this Court rejected previously.
Finally, the defendants argue that this Court's decision, in recognizing a federal tort, undoes Southfield III. The defendants assert that based on this Court's holding, plaintiff Smith now is entitled to a pre-deprivation hearing for each position which the District denied her as well as money damages, an outcome at odds with Southfield III. The defendants apparently reach this conclusion by focusing on what Southfield III did not say, rather than on what that court made clear. The court found that there is no section 1248 violation where a teacher is denied a position for which she has no effectiveness rating. The court also found that plaintiff Smith could not state a claim for a due process violation where she sourced her property interest in the Teacher Tenure Act, and was laid off rather than dismissed or demoted. This Court, on the other hand, concluded that an effectiveness rating sourced in the Revised School Code, once earned, is a property interest entitled to protection under the Due Process Clause. Because "a state law that creates the interest can define the scope of the interest," Southfield III , 320 Mich. App. at 375, 909 N.W.2d at 15, a teacher may have a protected interest in her effectiveness rating, but also may be precluded under section 1248 from positions to which her effectiveness rating does not apply. The two decisions are easily squared with one another.
The defendants' inventive reading of Southfield III does not present a basis for reconsideration.
II
As a fallback, the defendants ask this Court to certify the case to the Sixth Circuit court of appeals for interlocutory review. Ordinarily, the court of appeals has jurisdiction over "final decisions *906 of the district courts of the United States." 28 U.S.C. § 1291 ; see Hitchcock v. Cumberland Univ. 403(b) DC Plan , 851 F.3d 552, 557 (6th Cir. 2017). There has been no final decision in this case. A final decision is "typically one 'by which a district court disassociates itself from a case.' " Mohawk Indus., Inc. v. Carpenter , 558 U.S. 100, 106, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009) (quoting Swint v. Chambers Cty. Comm'n , 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995) ).
However, a district court may certify an order for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and ... [3] an immediate appeal may materially advance the termination of the litigation.' " In re Trump , 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b) ).
The decision denying the defendants' motion to dismiss the plaintiffs' due process claim was made in the context of a motion brought under Federal Rule of Civil Procedure 12(b)(6), which, of course, addresses a "question of law." However, the legal issues are not novel, inasmuch as earned status has been found subject to due process protection, as the Court noted in its earlier opinion. See Paskvan v. City of Cleveland Civil Serv. Comm'n , 946 F.2d 1233, 1236-37 (6th Cir. 1991) (recognizing that "[m]utually explicit understandings arising from an employer's custom and practice are one source of property interests," and holding that the plaintiff had a due process interest in promotion based on his rank in an eligibility list); see also Carter v. City of Philadelphia , 989 F.2d 117, 122 (3d Cir. 1993) (recognizing a property interest in hiring preferences established by the state's Veterans' Preference Act, and holding that the plaintiff's right to have that preference applied in the hiring and promotional process for the city police department "is to be afforded constitutional protection" under the Due Process Clause). Moreover, how that protection may be applied could depend on factual development, which likely would better inform appellate review of the issue.
This is not a case where the Court ought to exercise discretion by recommending appellate review in midstream. Cf. In re AAC Holdings, Inc. , No. 17-0509, 2017 WL 4801185, at *1 (6th Cir. Oct. 24, 2017) (holding that the defendant, seeking interlocutory review under Fed. R. Civ. P. 23(f) failed to show that "the posture of the case supports their petition to appeal").
The defendants also ask the Court to obtain a second opinion from the Michigan Supreme Court under Eastern District of Michigan Local Rule 83.40. Under that rule, the Court may ask "the highest Court of the State" for an opinion on a state law question when "(1) the issue certified is an unsettled issue of State law, and (2) the issue certified will likely control the outcome of the federal suit, and (3) certification of the issue will not cause undue delay or prejudice." E.D. Mich LR 83.40(a).
"The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court." Transamerica Ins. Co. v. Duro Bag Mfg. Co. , 50 F.3d 370, 372 (6th Cir. 1995) (citing Lehman Bros. v. Schein , 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974) ). The decision to pursue certification *907 "is most appropriate when the question is new and state law is unsettled." Ibid. However, the district court " 'will not trouble [its] sister state courts every time an arguably unsettled question of state law comes across our desks. When [it] see[s] a reasonably clear and principled course, [it] will seek to follow it [itself].' " Pennington v. State Farm Mut. Auo. Ins. Co. , 553 F.3d 447, 450 (6th Cir. 2009) (quoting Pino v. United States , 507 F.3d 1233, 1236 (10th Cir. 2007) ).
For the same reasons interlocutory appeal is not appropriate, the Court declines to "trouble [its] sister state court[ ]" by certifying a question of a state property interest that underlies an essentially federal claim under 42 U.S.C. § 1983.
III.
The defendants have not shown that reconsideration is warranted, or that this Court should certify its decision denying in part their motion to dismiss to a federal or state appellate court.
Accordingly, it is ORDERED that the defendants' motions for reconsideration [dkt. # 48] and to certify the case to other courts and stay proceedings [dkt. # 49] are DENIED.